Mary **DOLIN**, Administratrix of the Estate of Jack Dolin, Deceased, Plaintiff-Appellant,

v.

**UNITED STATES of America,** Defendant-Appellee.

No. 17056.

United States Court of Appeals Sixth Circuit.

Jan. 27, 1967.

**814**

Arthur J. Schuh, Cincinnati, Ohio, for appellant.

Harvey L. Zuckman, Atty., Dept. of Justice, Washington, D. C., for appellees, John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., Joseph P. Kinneary, U. S. Atty., Cincinnati, Ohio, on brief.

Before WEICK, Chief Judge, and PHILLIPS and EDWARDS, Circuit Judges.

PER CURIAM.

Appellant brought this action as administratrix of the estate of her husband under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (1964). Appellant alleged that her husband, an employee of the Officers Club at the United States Army Missile Command, Redstone Arsenal, Huntsville, Alabama, died on or about January 12, 1963, as the result of knife wounds inflicted by a fellow employee of the Club, who was under deceased's supervision.

The theory of appellant's claim was that the government was negligent in hiring the employee who committed the fatal assault because it had prior notice of his prior criminal record and propensities toward physical violence.

The government filed a motion to dismiss, based upon 28 U.S.C. § 2680 (1964), which says in part: "The provisions of * * * section 1346(b) of this title shall not apply to— * * * (h) Any claim arising out of assault * * *." Relying on this provision, the United States District Judge dismissed the complaint for want of jurisdiction, after noting in an opinion that the complaint did not state a cause of action.

We do not, however, reach this issue. On appeal the government brief cited to this court, as an alternative ground for affirmance, a Federal statute which provides exclusive coverage for certain civilian employees not subject to laws administered by the Civil Service Commission under the same terms as the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. (1964). The government brief recited: "Since it is apparent from the complaint that the decedent was a covered employee within the terms of 5 U.S.C. 150k–1, no action may lie under the Federal Tort Claims Act, and, consequently, the district court's action in dismissing the complaint was proper."

At oral argument appellant's counsel conceded that 5 U.S.C. § 150k–1 (1964), was applicable. We find therein:

"(c) The liability of the United States or of any nonappropriated fund instrumentality described in section 150k of this title, with respect to the disability or death resulting from injury, as defined in section 902(2) of Title 33, of any employee referred to in subsection (a) or (b) of this section, shall be determined as provided in section 150k of this title and this section. *Such liability shall be exclusive and in the place of all other liability of the United States or such instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any person otherwise entitled to recover damages from the United*

*States or such nonappropriated fund instrumentality on account of such disability or death in any direct judicial proceedings, in a civil action, or in admiralty, or by proceedings whether administrative or judicial, under any workmen's compensation law or under any Federal tort liability statute."* 5 U.S.C. § 150k–1(c). (Emphasis supplied.)

It seems clear to us that the remedy provided for appellant in 5 U.S.C. § 150k–1 is exclusive by its terms and must be applied.

Affirmed.