King R. JOHNSON, Jr. and Richard A. Johnson, Co-Administrators of the Estate of Louise M. Johnson, Deceased, Plaintiffs-Appellees and Cross-Appellants,

v.

UNITED STATES of America, Defendant-Appellant and Cross-Appellee.

Nos. 77–1068, 77–1069.

United States Court of Appeals, Sixth Circuit.

Argued April 4, 1979.

Decided June 25, 1979.

Thomas F. Turley, Jr., U. S. Atty., Memphis, Tenn., Glen G. Reid, Jr., Asst. U. S. Atty., Memphis, Tenn., Ronald R. Glancz, Harry R. Silver, Joseph B. Scott, Dept. of Justice, Washington, D. C., for defendant-appellant and cross-appellee.

Sutton & Burr, Henry V. Sutton, Charles G. Burr, III, Memphis, Tenn., for plaintiffs-appellees and cross-appellants.

Before CELEBREZZE and LIVELY, Circuit Judges and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

This appeal involves a suit brought by the co-administrators (hereinafter appellees) of the estate of Louise M. Johnson, who died in a fire that destroyed the building where she worked. At the time of her death, the decedent was a part-time civilian dance instructor employed by the Recreation Department of the Naval Air Station Memphis (the Department), located in Millington, Tennessee.

**I**

Appellees brought this wrongful death action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(a), 2671 et seq. Appellees alleged in their complaint that the decedent had been killed as the result of negligence on the part of the Government.

In response, the Government moved to dismiss the action for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). The Government argued that at the time of her death the decedent was an employee of the United States within the meaning of the Nonappropriated Fund Instrumentalities Act, 5 U.S.C. §§ 8171 et seq.[1] The Government further argued that, pursuant to 5 U.S.C. § 8173, appellees' sole and exclusive remedy for the decedent's death was to seek compensation under the Longshoremen's and Harbor Workers' Compensation Act (Longshoremen's Act), 33 U.S.C. §§ 901 et seq.

Appellees opposed the motion to dismiss on the ground the decedent was not an employee of the United States. Rather, appellees contended the decedent was an

independent contractor employed by the Department to provide dance instruction for off duty Navy personnel and, therefore, was not covered by § 8173.

The district court conducted an evidentiary hearing to determine the employment status of the decedent at the time of her death. The district court found that the decedent was an employee of the United States, but concluded that she was excluded from being considered such by virtue of a contractual provision in the Employment Agreement (Agreement) between the decedent and the Department. Consequently, the district court denied the Government's motion to dismiss.

Thereafter, the matter was tried to the court on the issue of liability. On October 22, 1975, the district court found as follows:

> By its failure to have periodic fire drills, its failure to issue instructions about precautions in the event of fire, and its failure under these peculiar circumstances to have installed relatively inexpensive and recognizedly needed heat or fire detection devices, [the United States] was guilty of actionable negligence.

The question of damages was referred to a magistrate for a report and recommendation. Following a hearing, the magistrate recommended that appellees be awarded $66,998.02 for the wrongful death of the decedent. On October 1, 1976, after considering the magistrate's report and recommendations, the district court awarded appellees $41,500 in damages, together with costs. Both sides have appealed.

We conclude that any remedy appellees may have is under the Longshoremen's Act. Accordingly, we reverse.

**II**

Ordinarily, an employee of the United States is entitled to compensation for work related death or disability under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101 et seq. The Federal Employees

---

1. 5 U.S.C. §§ 8171 et seq. and 5 U.S.C. § 2105(c) were originally enacted as a part of the same statute. Act of June 19, 1952, Ch. 444, Pub.L. No. 397, 66 Stat. 138–39. The provisions of 5 U.S.C. §§ 8171 et seq. originally were codified as 5 U.S.C. § 150k–1. The provisions of 5 U.S.C. § 2105(c) originally were codified as 5 U.S.C. § 150k.

Compensation Act states: "The United States shall pay compensation . . . for the disability or death" of a covered employee. 5 U.S.C. § 8102. This Act further provides specific benefits to be recovered, depending on the type of injury the employee sustained. 5 U.S.C. §§ 8105–14. Coverage is exclusive of all other liability of the United States. 5 U.S.C. § 8116(c).

■ However, employees of nonappropriated fund instrumentalities of the United States[2] are excluded from coverage under the Federal Employees Compensation Act as well as from certain laws administered within the Civil Service System. 5 U.S.C. § 2105(c).[3] Instead, employees of nonappropriated fund instrumentalities are entitled, under 5 U.S.C. § 8171, to compensation for work related death or disability under the terms of the Longshoremen's Act. Section 8171(b) of the Nonappropriated Fund Instrumentalities Act expands the definition of the term "employer" in § 902(4) of the Longshoremen's Act to include nonappropriated fund instrumentalities described in 5 U.S.C. § 2105(c).[4]

The Longshoremen's Act, unlike the Federal Employees Compensation Act, provides that the employer, and not the United States, shall be liable for and shall secure payment to his employees for covered disability or death. 33 U.S.C. § 904. The Longshoremen's Act also specifically provides for benefits that may be recovered, depending on the injury that is sustained. 33 U.S.C. §§ 908–09. Moreover, 5 U.S.C. § 8173 provides that coverage under the Longshoremen's Act is exclusive and in lieu of all other remedies against the United States for covered injuries.[5] *See Martin v. United States*, 566 F.2d 895, 897 (4th Cir. 1977); *United States v. Charles*, 130 U.S.

2. A nonappropriated fund instrumentality is one that is not funded by congressional appropriation. *See United States v. Hopkins*, 427 U.S. 123, 125 n. 2, 96 S.Ct. 2508, 49 L.Ed.2d 361 (1976).

3. Section 2105(c) as it existed in 1975 provided:
   An employee paid from nonappropriated funds of . . . instrumentalities of the United States under the jurisdiction of the armed forces conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the armed forces is deemed not an employee for the purpose of—
   (1) laws (other than subchapter IV of chapter 53 and sections 5550 and 7154 of this title) administered by the Civil Service Commission; or
   (2) subchapter I of chapter 81 and section 7902 of this title.
   This subsection does not affect the status of these nonappropriated fund activities as Federal instrumentalities.
   Section 2105(c) was amended in 1978, Pub.L. No. 95–454, 92 Stat. 1217, 1224, to reflect certain changes in the Civil Service System wrought by enactment of the Civil Service Reform Act of 1978. The Act abolished the Civil Service Commission and replaced it with the Office of Personnel Management and the Merit System Protection Board. *See* S.Rep. No. 95–969, 95th Cong., 2d Sess. 5, *reprinted in*, [1978] U.S.Code Cong. & Admin. News 2727. See 5 U.S.C. § 2105(c) (Supp.1979).

4. 5 U.S.C. § 8171 (1967) provides, in pertinent part:
   (a) Chapter 18 of title 33 applies with respect to disability or death resulting from injury, as defined by section 902(2) of title 33, occurring to an employee of a nonappropriated fund instrumentality described by section 2105(c) of this title who is—
   (1) a United States citizen or a permanent resident of the United States or a territory or possession of the United States; or
   (2) employed inside the continental United States.
   However, that part of section 903(a) of title 33 which follows the first comma does not apply to such an employee.
   (b) For the purpose of this subchapter, the term "employer" in section 902(4) of title 33 includes the nonappropriated fund instrumentalities described by section 2105(c) of this title.

5. 5 U.S.C. § 8173 (1967) provides:
   The liability of the United States or of a nonappropriated fund instrumentality described by section 2105(c) of this title, with respect to the disability or death resulting from injury, as defined by section 902(2) of title 33, of an employee referred to by sections 8171 and 8172 of this title, shall be determined as provided by this subchapter. This liability is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the disability or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

App.D.C. 151, 153, 397 F.2d 712, 714, *cert. denied,* 393 U.S. 897, 89 S.Ct. 220, 21 L.Ed.2d 178 (1968); *Dolin v. United States,* 371 F.2d 813, 814–15 (6th Cir. 1967); *Rizzuto v. United States,* 298 F.2d 748, 749 (10th Cir. 1961); *Aubrey v. United States,* 103 U.S.App.D.C. 65, 67, 254 F.2d 768, 770 (1958). Accordingly, if at the time of her death, the decedent was (1) an employee of a nonappropriated fund instrumentality of the United States; and (2) her death occurred while she was acting within the scope of her employment; then (3) the decedent's estate may be entitled to compensation under the Longshoremen's Act; and (4) compensation under the Longshoremen's Act is exclusive and in lieu of all other liability of the United States. *Martin,* 566 F.2d at 897; *Charles,* 130 U.S.App.D.C. at 130, 397 F.2d at 714; *Dolin,* 371 F.2d at 814–15.

### III

Both sides agree the Department is a nonappropriated fund instrumentality of the United States Navy. The district court found that "but for another provision in the contract to be discussed hereafter, the facts and circumstances would indicate clearly that Mrs. Johnson, the deceased, was in fact, an employee" of the Department. Appellees contend that the district court erred in finding the decedent an employee of the Government. They argue the decedent was an independent contractor. Appellees point out that the decedent was compensated on a commission basis rather than an hourly basis and further note that she was subject only to casual supervision.

The finding of the district court was based upon a number of factors:

Throughout the agreement, Mrs. Johnson is referred to as an employee and in the files maintained by the personnel office, she is throughout referred to as an employee. Her pay was subject to withholding and she was required to submit an employee's withholding exemption certificate, was to render good and faithful services to the satisfaction of the Director of Recreation, under whose general supervision she worked as a part-time civilian employee.

The agreement further provided that "the employee will be covered by workmen's compensation insurance" and such insurance carrier made a payment to Mrs. Johnson's estate, or heirs, for funeral expenses incurred by reason of the death of the employee while in the apparent course of her duties. The agreement further provided, among other things, that the employee could be terminated without notice, for cause, or otherwise on a short basis and further provided that she was not to be considered a civil service employee.

■ Findings of fact will not be set aside on appeal unless clearly erroneous. Fed.R.Civ.P. 52(a). *J. A. Jones Const. Co. v. Englert Engineering Co.,* 438 F.2d 3, 5 (6th Cir. 1971). A finding of fact will be deemed clearly erroneous only where it is against the clear weight of the evidence or when upon review of the evidence, the appellate court "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1958); *Jones,* 438 F.2d at 5. We conclude that appellees have failed to establish that the district court was clearly erroneous in finding the decedent was an employee of the Department. *See also* 9 Wright & Miller, Federal Practice and Procedure: Civil § 2585.

### IV

Although finding the decedent an employee of the Department, the district court nevertheless concluded that § 8173 of the Nonappropriated Fund Instrumentalities Act was inapplicable to the present case because of a clause in the Agreement between the decedent and the Department.

The Agreement provided, in pertinent part:

The employee shall not be considered an employee of the United States for the purpose of any laws administered by the Civil Service Commission or the provisions of the Federal Employees Compensation Act as amended.

The district court interpreted this clause as excluding the decedent from being con-

sidered an employee of the United States, reasoning:

> Since the contract was presumably drafted by the United States, and any doubt is to be construed against the United States under these circumstances, it seems clear to the Court that the government itself in the contract excluded the deceased from being considered or treated as an employee under the Act in question.

We conclude the district court misconstrued this provision of the Agreement.

The Agreement merely paraphrases what already is provided by statute. All employees of nonappropriated fund instrumentalities, like the decedent, are specifically excluded from coverage under civil service laws and the Federal Employees Compensation Act. 5 U.S.C. § 2105(c). In *United States v. Forfari*, 268 F.2d 29, 32–33 (9th Cir.), *cert. denied*, 361 U.S. 902, 80 S.Ct. 211, 4 L.Ed.2d 157 (1959), the court explained the purpose and relationship · between § 2105(c) and §§ 8171 *et seq.* The court held:

> Thus 5 U.S.C.A. §§ 150k [now § 2105(c)] and 150k–1 [now §§ 8171–73] serve these two purposes: (1) to render inapplicable civil service control over such employees (because of the administrative difficulties), and (2) to place the financial burden of compensation insurance for such employees on the non-appropriated fund activities rather than on the federal government. Section 150k, however, expressly provided that the status of these non-appropriated fund activities as federal instrumentalities should not be affected.

■ That the decedent was excluded under the terms of the Agreement from coverage under the Federal Employees Compensation Act, which is federally funded, in no way supports the conclusion that she was also excluded from coverage under the Longshoremen's Act, which is employer funded. Nothing in the Agreement suggests the decedent was to be treated in a

manner inconsistent with the Nonappropriated Fund Instrumentalities Act. The contractual provision in question is entirely consistent with the scheme of worker's compensation embodied in the latter Act and the language of § 2105(c). The decedent's entitlement to compensation under the Longshoremen's Act is determined by her status as an employee of the Department, which was not affected by anything in the Agreement between the decedent and the Department.

### V

We therefore conclude that, at her death, the decedent was an employee of a nonappropriated fund instrumentality of the United States within the meaning of 5 U.S.C. § 8171, and that under the terms of 5 U.S.C. § 8173 the sole and exclusive remedy of the appellees for the death of their decedent is to seek compensation under the Longshoremen's Act.[6] The judgment of the district court is reversed and the cause remanded with instructions to dismiss the action for failure to state a claim under the Federal Tort Claims Act.

Reversed and remanded.

---

6. Because of our disposition of this case, we do not reach appellees' contention that the district court erred in reducing the award of damages below that recommended by the magistrate.