**Leo T. VOGELSANG, Appellant,**

v.

**WESTERN MARYLAND RAILWAY COMPANY, Appellee.**

**No. 81–1632.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1982.

Decided Feb. 10, 1982.

C. Richard Grieser, Columbus, Ohio (Grieser, Schafer, Blumenstiel & Slane Co., L.P.A., Columbus, Ohio, William P. Baker, Baker & Baker, Baltimore, Md., on brief), for appellant.

Ransom J. Davis, Baltimore, Md. (H. Russell Smouse, Melnicove, Kaufman, Weiner & Smouse, P.A., Baltimore, Md., on brief), for appellee.

Before BUTZNER, WIDENER and PHILLIPS, Circuit Judges.

PER CURIAM:

Leo Vogelsang appeals the dismissal of his claim under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, against his employer, the Western Maryland Railway Company, for damages resulting from a work-related injury. Vogelsang and the Railway stipulated the operative facts and the district court, treating the Railway's motion to dismiss as one for summary judgment under Fed.R.Civ.P. 12(b), held Vogelsang's exclusive remedy to be under the

---

**5.** The Guideline also states:

§ III(3)(1) "Hair [must be] clean and neatly groomed."

Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.* We affirm.

These stipulated facts show that the Railway operates a yard with railway tracks leading to and extending onto Port Covington Pier 6 in Baltimore, Maryland, a pier that adjoins navigable water. On the date of Vogelsang's injury, bauxite ore was being unloaded from a ship alongside the pier into railroad cars on these tracks. This ore was removed by a crane to a series of hoppers, all part of a structure over the pier, then transferred by chute from the lowest hopper through openings in the tops of the cars. Vogelsang was stationed atop the cars to open and close the top lids and to adjust the gates on the chute so the ore could flow into the cars. He was also responsible for signaling to the engineer of a locomotive who then moved the cars into position under the chute. Vogelsang fell from the top of a car while engaged in this latter function.

Vogelsang's contention is that his job status is analogous to that of the railroad brakemen in *Conti v. Norfolk & Western Ry. Co.*, 566 F.2d 890 (4th Cir. 1977), which we found outside the intended scope of the LHWCA's coverage. In the instant case, however, we conclude that the district court properly followed *P.C. Pfeiffer Co. v. Ford*, 444 U.S. 69, 100 S.Ct. 328, 62 L.Ed.2d 225 (1979), and *Northeast Terminal Co. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977), in deciding otherwise, and properly distinguished *Conti* as involving employees who, unlike Vogelsang, were not engaged in an integral part of the ship loading or unloading process. Accordingly, we affirm for the reasons set forth more fully in the district court's memorandum and order. *Leo T. Vogelsang v. Western Maryland Ry. Co.*, 531 F.Supp. 11 (D.Md. 1981).

AFFIRMED.