**CROWLEY, MILNER & COMPANY, a Michigan corporation, Petitioner-Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.**

No. 81–1578.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 1, 1982.

Decided Oct. 1, 1982.

**636**

Glenn L. Archer, Jr., Michael L. Paup, Richard Farber, Kenneth L. Greene (argued), Dept. of Justice, Kenneth W. Gideon, Chief Counsel, I.R.S., Washington, D.C., for respondent-appellant.

Joel J. Morris (argued), Dykema, Gossett, Spencer, Goodnow & Trigg, Thomas J. O'Connor, Detroit, Mich., for petitioner-appellee.

Before MARTIN and KRUPANSKY, Circuit Judges, and BROWN, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

The Commissioner of Internal Revenue appeals the Tax Court's Determination that Crowley, Milner and Company may take an ordinary loss deduction under section 1002 of the Internal Revenue Code of 1954. 26 U.S.C. § 1002 (1976). Taxpayer deducted a loss from the sale of real property pursuant to a sale and leaseback agreement, and the Tax Court found no deficiency in Taxpayer's income tax for 1976. 76 T.C. 1030 (1981). We affirm the decision of the Tax Court.

The facts of this case are not in dispute. Taxpayer is a corporation in the retail sales business, operating department stores in the Detroit metropolitan area. In 1974 taxpayer negotiated three interdependent contracts which would enable it to operate an "anchor" store in the suburban Detroit shopping mall, Lakeside. An anchor store is a major department store which forms the focal point of a large enclosed shopping mall. Taxpayer negotiated with the Lakeside developer to purchase land for an anchor store in the mall. At the same time taxpayer contracted for the design and construction of a store building. Taxpayer also negotiated with Prudential Insurance Company of America for the sale and leaseback of the Lakeside property. This third agreement concerns us.

Prudential agreed to purchase the Lakeside property including the store building for the lesser of $4,000,000 or taxpayer's costs. Due to cost overruns, taxpayer's final cost for the land and building was $4,336,456.48. Taxpayer deducted $336,456.48 as an ordinary loss on the sale of real property under section 1002.

The Tax Court did not find a deficiency in taxpayer's 1976 income taxes as assessed by the IRS. The court made several findings to support its conclusion: (1) that the sale price and rental rate of the Lakeside property were at fair market value; (2) that taxpayer's leasehold interest had no capital value; and (3) that taxpayer's loss was not a premium paid to secure the leasehold but rather a loss on the sale of the property.

 The fair market value of property is a question of fact to be determined from evidence presented to the Tax Court. *Leslie Company v. Commissioner,* 539 F.2d 943, 949 (3d Cir. 1976); *Penn v. Commissioner,* 219 F.2d 18, 20–21 (9th Cir. 1955). Capital value is any non-cash consideration received over and above the rental value of the premises. *Leslie,* 539 F.2d at 949; *Jordan Marsh Co. v. Commissioner,* 269 F.2d 453, 455 (2d Cir. 1959). Because taxpayer had no option to purchase and no right to proceeds upon condemnation, the Tax Court concluded that the lease had no capital value. On reviewing the "entire evidence," we are not "left with the definite and firm

conviction that a mistake has been made." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948). *See also Johnson v. United States,* 600 F.2d 1218, 1222 (6th Cir. 1979). These findings of fact are not clearly erroneous.

We turn now to the ultimate fact of this case: whether taxpayer's excess expenses are deductible as a loss on the sale of real property or whether they must be amortized as a premium paid to secure the leasehold. The characterization of a transaction for tax purposes is a question of law, fully reviewable by the appellate court. *Union Planters National Bank v. United States,* 426 F.2d 115, 117 (6th Cir.), *cert. denied,* 400 U.S. 827, 91 S.Ct. 53, 27 L.Ed.2d 56 (1970).

The Commissioner charges that the Tax Court failed to consider the sale and leaseback transaction as a whole. *Mather v. Commissioner,* 149 F.2d 393, 397 (6th Cir. 1945). When we view the economic realities of taxpayer's agreement with Prudential, we find that the Tax Court properly assessed the transaction as a whole. Taxpayer did not willingly pay $336,456.48 as a premium to secure a leasehold which had no value greater than the rental value taxpayer was already paying. Taxpayer was entitled to deduct its excess expenses as a loss under section 1002.

Our holding accords with that of the Third Circuit in *Leslie Co. v. Commissioner,* 64 T.C. 247 (1975), *aff'd,* 539 F.2d 943 (3d Cir. 1976). The Leslie Company entered a sale and leaseback agreement for a new manufacturing plant with Prudential Insurance Company on terms almost identical to the ones of the present case. Despite the fact that Leslie had an option to purchase the property, the Third Circuit found that the lease had no capital value. The court concluded, "[T]he conveyance was ... 'a transfer of property for money consideration only' and therefore, a sale." *Id.* at 949 (citations omitted). *See also Jordan Marsh Co. v. Commissioner, supra,* (sale and leaseback of newly constructed store was a sale for tax purposes).

We affirm the judgment of the Tax Court.