**Leon A. SIMMONS, Appellant,**

v.

**TEXAS CITY TERMINAL RAILWAY COMPANY, Appellee.**

No. C14–82–183CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 26, 1983.

Rehearing Denied June 23, 1983.

Gary Lee, Bates & Lee, Houston, for appellant.

Frank W. Gerold, McLeod, Alexander, Powel & Apffel, Galveston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

MURPHY, Justice.

We are called upon to determine whether an injured maritime employee who is covered by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1976), may elect to bring suit under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1976). We hold that any person who is an "employee" as defined by the Longshoremen's and Harbor Workers' Compensation Act (LHWCA) and otherwise qualifies for coverage under that statute may not sue for damages under the Federal Employers' Liability Act (FELA). Affirmed.

Leon A. Simmons (Appellant) was employed by the Texas City Terminal Railway Company (Appellee) as a guard at Appellee's docks in Texas City, Texas. On the night of March 21, 1978, Appellant was in the process of making his rounds when he fell through a hole in a dock and broke his right leg. He filed suit in state district court under the FELA,[1] asserting his injury was sustained as a result of Appellee's negligence and that it occurred during the course of his employment as a railroad worker. The trial court granted Appellee's motion for summary judgment on the ground that, as a matter of law, Appellant's sole remedy was under the LHWCA.

In his appeal, Appellant urges one point of error: that the Longshoremen's and Harbor Workers' Compensation Act does not provide his only remedy, and that he is entitled to elect between benefits under LHWCA and those afforded by the FELA. At oral argument and in his postsubmission brief, Appellant waived his second point of error asserting his lack of status as an "employee," as that word is defined by the LHWCA. He now concedes that he is, in fact, an "employee" and our analysis of his rights will be developed accordingly.[2]

The specific provision at issue in this case is 33 U.S.C. § 905(a), which pertains to "employers" and states in pertinent part:

§ 905. Exclusiveness of liability

(a) The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death...

The major changes wrought by the 1972 amendments to the LHWCA included an

1. Under 45 U.S.C. § 56 (1976), state and federal courts have concurrent jurisdiction to hear FELA claims.

2. An "employee" under the LHWCA is one who is "engaged in maritime employment," which means having a traditional maritime occupation or one involving the loading or unloading of a vessel. *P.C. Pfeiffer Co. v. Ford,*

444 U.S. 69, 100 S.Ct. 328, 62 L.Ed.2d 225 (1979); *Conti v. Norfolk and Western Railway,* 566 F.2d 890, 895 (4th Cir.1977). Although we think there may have been a fact issue as to Appellant's status as an "employee," we need not address it since he has waived this point of error.

increased benefit structure for injured maritime workers, the extension of coverage to certain injuries occurring on land, and the elimination of the right under the unseaworthiness doctrine to hold third party vessels absolutely liable, so that their liability is now predicated on negligence. H.R.Rep. No. 92–1441, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 4698, 4700–4704. In particular, § 905 of the LHWCA was amended in 1972 by Pub.L. No. 92–576, 86 Stat. 1253 (1972) by redesignating the text of the former provision as subsection (a), leaving the language otherwise unchanged, and by adding subsection (b)[3] pertaining to liability of third party vessels. *Baker v. Pacific Far East Lines,* 451 F.Supp. 84, 90 n. 6 (N.D.Cal.1978). The rationale for the addition of § 905(b) is contained in the Legislative History of Pub.L. No. 92–576:

> (t)he committee believes that where a longshoreman or other worker covered under this Act is injured through the fault of the vessel, the vessel should be liable for damages as a third party, just as land-based third parties in non-maritime pursuits are liable for damages when, through their fault, a worker is injured.

1972 U.S.Code Cong. & Ad.News at 4702.

On the other hand, the liability of an employer under § 905(a) for compensation to an injured employee has been "exclusive" of all other remedies from the beginning. *Baker v. Pacific Far East Lines,* 451 F.Supp. at 90. The exclusivity of liability language in (a) and (b) was the *quid pro quo* offered by employers in exchange for certainty of increased benefits under the LHWCA:

> It has been the feeling of most employers that while they were willing to guarantee payment to an injured worker regardless of fault, they would only do so if the right of payment was the exclusive remedy and they would not be subject to additional lawsuits because of that injury.

S.Rep. No. 1125, 92d Cong., 2d Sess. 4 (1972), *cited in Baker v. Pacific Far East Lines,* 451 F.Supp. at 94. Subsection (b) was worded to eliminate the vessels right of indemnification from the employer, assuring that the exclusivity principle would not be circumvented. *Id.* By eliminating the possibility of direct and indirect employee lawsuits against employers, Congress has restricted LHWCA employees to federal workers' compensation-type benefits. *Moragne v. States Marine Lines,* 398 U.S. 375, 408, 90 S.Ct. 1772, 1791, 26 L.Ed.2d 339 (1970); *Baker v. Pacific Far East Lines,* 451 F.Supp. at 85; H.R.Rep. No. 91–1441, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 4698, 4702.

Appellant contends the Supreme Court's opinion in *Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980), provides support for his assertions that the LHWCA does not provide the exclusive remedy available to a worker covered by that Act. He further argues that two cases cited by Appellee, *Price v. Norfolk and Western Railway,* 618 F.2d 1059 (4th Cir.1980) and *Vogelsang v. Western Maryland Railway,* 531 F.Supp. 11 (D.Md.1981), *aff'd,* 670 F.2d 1347 (4th Cir.1982), do not squarely address the exclusivity issue and, therefore, any statements made by those

---

**3.** (b) in the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void... If such person was employed by the vessel to provide stevedoring services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing stevedoring services to the vessel. If such person was employed by the vessel to provide ship building or repair services, no such action shall be permitted if the injury was caused by the negligence of persons engaged in providing ship building or repair services to. the vessel. The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or a breach thereof at the time the injury occurred. The remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter.

courts concerning exclusive remedies are mere dicta.

For several reasons, we think Appellant's reliance on *Sunship* is misplaced. In *Sunship,* the employees had been injured on land during ship building or ship repair activities. 447 U.S. at 717, 100 S.Ct. at 2434. The Supreme Court held that federal jurisdiction for payment of benefits to those employees under the LHWCA was concurrent with that of state compensation schemes. *Id.* at 723–724, 100 S.Ct. at 2438–2439. The Court, in its only reference to § 905(a), noted that exclusivity of jurisdiction was an entirely different question from the issue of exclusivity of liability and resulting remedies. *Id.* at 724, n. 4, 100 S.Ct. at 2438, n. 4. Furthermore, *Sunship* involved maritime employees who were faced with a choice between state and federal no fault compensation benefits. Liability schemes such as the FELA which are predicated on negligence were not mentioned in the opinion. We find nothing in the Court's treatment of the jurisdictional question to suggest that, by analogy, the compensation remedy provided by § 905(a) permits an employee to bring any kind of negligence action against an employer, under FELA or otherwise. Indeed, the intent of the Congress is clearly to the contrary.

■ The cases cited by Appellee are controlling. The 1972 Amendments to LHWCA established a dual test for coverage by the Act: employment "status" of the injured and the "situs" of the injury. *Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 265–266, 97 S.Ct. 2348, 2357–2358, 53 L.Ed.2d 320 (1977); *Caldwell v. Ogden Sea Transport,* 618 F.2d 1037, 1049 (4th Cir.1980). Although the Amendments broadened the situs in which an injury would be covered by adding waterfront areas adjoining navigable waters of the United States, they narrowed the class of persons eligible according to job function or status. *Conti v. Norfolk and Western Railway,* 566 F.2d at 894. Once an injured worker is found to be an "employee" engaged in "maritime employment" at the time of the injury, it follows that his sole remedy is under the LHWCA. *Vogelsang v. Western Maryland Railway,* 670 F.2d at 1348; *Price v. Norfolk and Western Railway,* 618 F.2d at 1062. Conversely, when a railroad employee is injured in an occupation traditionally associated with railroading, his remedy lies in the FELA. *Conti v. Norfolk and Western Railway,* 566 F.2d at 895. The two statutes provide distinct, incompatible, and mutually exclusive means of redressing the grievances of different types of workers injured in a maritime setting.

Appellant's job status is the key to resolving this case. A maritime employee covered under the LHWCA cannot be, at the same time, a railroad employee subject to the FELA. The status which would qualify Appellant for benefits under one statute by definition eliminates the possibility of coverage under the other.

In summary, there are two reasons why Appellant may not choose between the LHWCA and the FELA. Section 905(a) of the LHWCA prohibits an employee from bringing a negligence action against his employer, and the FELA is a fault-based statute. Additionally, the two Acts are mutually exclusive in their reach. Since he has acknowledged he is an "employee" within the scope of the LHWCA, we hold that Appellant's exclusive remedy lies within that statute. Affirmed.