Ramiro **VILANOVA, et al., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants.**

**Civ. No. 84–2800(PG).**

United States District Court,
D. Puerto Rico.

Dec. 30, 1985.

---

**20.** *Johnson v. Sampson,* 167 Minn. 203, 208  N.W. 814 (1926).

Robert J. Walser, San Juan, P.R., for plaintiffs.

Fidel A. Sevillano, Asst. U.S. Atty., Hato Rey, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The present action was filed on October 31, 1984. Jurisdiction has been invoked under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and under 28 U.S.C. §§ 1331, 1343.

The complaint alleges that on January 1982 plaintiff Ramiro Vilanova was struck by an automobile at the Naval Station while he walked on his way to work. Thereafter, he was taken to the U.S. Naval Hospital for medical examination and care.

Basically, plaintiff alleges that the medical care he received at the U.S. Naval Hospital did not conform to accepted medical practice. Plaintiff avers that required tests and examinations were not made and argues that such tests were needed in order to detect a left chronic subdural hematoma, a condition which resulted from a blow to plaintiff's head in the accident.

Plaintiff contends that as a direct result of the failure to detect and timely treat this left chronic subdural hematoma he is at the present permanently disabled from any gainful employment.

In this action plaintiff has also raised violations to 42 U.S.C. §§ 1983 and 1985 alleging that the defendants acted by reason of a class-based invidious animus of discrimination for race. Plaintiff contends that the acts and omissions from defendants were the result of a conspiracy against plaintiff because he is black and Puerto Rican and that for said reason the treatment he received at the U.S. Naval Hospital is different from the treatment given to North American patients.

Named defendants are the United States of America and the U.S. Navy as owners and operators of the U.S. Naval Hospital at Roosevelt Roads. Additional defendants included under fictitious names are the Administrative Director of the U.S. Naval Hospital, the Medical Director of the U.S. Naval Hospital, and several medical doctors who were employees or staff members who conducted examinations and tests, and employees of the U.S. Naval Hospital who were responsible for medical care given to plaintiff.

Present before us is a "Motion to Dismiss or Motion for Summary Judgment"[1], filed by defendants on May 21, 1985.

In view that documents other than the pleadings have been considered the motion will be treated as one for summary judgment. Rule 12(b) F.R.Civ.P.

Defendants herein contend that plaintiff's damages are covered under the Longshoremen and Harbor Workers Compensation Act, 33 U.S.C. 901–950, and that said remedy, being exclusive of any other, bars the present action filed under the Federal Tort Claims Act against the United States.

■ Plaintiff was an employee of the Sea Breeze Club at the U.S. Naval Station, at Roosevelt Roads. As an employee of said club plaintiff was a non-appropriated funds employee[2] covered by the Long-

---

1. The motion was opposed by plaintiff on June 3, 1985. On June 12, 1985, defendants filed a Reply to plaintiff's opposition, and on June 24, 1985, plaintiff opposed defendants' reply.

2. 5 U.S.C. § 2105 provides in its pertinent part:
   (a) For the purpose of this title, *"employee"* except as otherwise provided by this section or when specifically modified means an officer and *an individual who is*
   \* \* \* \* \* \*
   (c) *An employee paid from nonappropriated funds* of the Army and Air Force Exchange Service, Army and Air Force Motion Picture Service, Navy Ships' Stores Ashore, Navy exchanges, Marine Corps exchanges, Coast Guard exchanges, *and other instrumentalities of the United States under the jurisdiction of the armed forces conducted for the comfort, pleasure, contentment, and mental and physical improvement of personnel of the armed forces* is deemed not an employee for the purpose of
   (1) laws (other than subchapter IV of chapter 53 and sections 5550 and 7154 of this title) administered by the Civil Service Commission, or

shoremen and Harbor Workers Compensation Act. 33 U.S.C. § 901, et seq. (hereinafter LHWCA).

■ Furthermore, the LHWCA not only is applicable to non-appropriated fund instrumentalities employees, 5 U.S.C. §§ 8171–8173, but any remedy against the United States arising under said statute is exclusive.

5 U.S.C. § 8173 provides:

*The liability of the United States of a non-appropriated fund instrumentality described by section 2105(c) of this title, with respect to the disability or death resulting from injury,* as defined by section 902(2) of title 33, of an employee referred to by section 8171 and 8172 of this title, shall be determined as provided by this sub-chapter. *This liability is exclusive and instead of all other liability of the United States or the instrumentality to the employee,* his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the disability or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a tort liability statute. (emphasis ours)

It is clear that the remedy for an employee of a non-appropriated fund instrumentality of the United States who suffers an injury arises under the LHWCA. *Johnson v. United States,* 600 F.2d 1218, 1221 (6th Cir.1979). Thus, the remedy provided under the LHWC is exclusive and in lieu of all other remedies against the United States for covered injuries. *Martin v. U.S.,* 566 F.2d 895, 897 (4th Cir.1979); *Dolin v. U.S.,* 371 F.2d 813, 814–815 (6th Cir.1967); *Aubrey v. U.S.,* 254 F.2d 768, 770 (D.C.1958).

■ The fundamental purpose of the Act is to provide the employees with a practical and expeditious remedy and at the same time to limit the economic burden on employers by providing that the liability under the Act shall be exclusive of all other liability. *Houston v. Bechtel Assoc. Professional Corp.,* 522 F.Supp. 1094, 1095 (D.C. 1981). *Vogelsang v. Western Maryland Ry. Co.,* 531 F.Supp. 11, 13 (D.Md.), *aff'd.,* 670 F.2d 1347 (1982).

■ Based on a declaration on record[3] it appears that plaintiff's injury was determined to be compensable under the LHWCA (33 U.S.C. §§ 901–950) and that thereafter plaintiff began to receive compensation benefits as of September 21, 1982.[4]

Said declaration has not been controverted. Nevertheless, plaintiff has alleged that the Court may not rely on said document because it is not notarized. We fail to agree with plaintiff. Section 1746 of Title 28 provides:

*Wherever, under any law* of the United States or under any *rule,* regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath or *affidavit,* in writing *of the person mak-*

---

(2) subchapter 1 of chapter 81 and section 7902 of this title. (emphasis ours)

This subsection does not affect the status of these non-appropriated fund activities as federal instrumentalities.

**3.** This is a declaration by Robert P. Monaham in support of the United States' motion for summary judgment.

**4.** The declaration states that during the months of July to September and in documentation of plaintiff's disability to perform the requirements of his job, plaintiff Ramiro Vilanova and/or his daughter Carmen Vilanova authorized or caused medical reports to be forwarded to the Hato Rey offices of the Employers' Self Insurance Services (ESIS), which is an INA Corporation subsidiary which handles the adjustment of claims for the Naval Military Personnel Command and subordinate non-appropriated funds instrumentalities such as the Sea Breeze Club. The declaration further states that through the last of the medical reports ESIS advised of their determination that Ramiro Vilanova's claim was compensable and that since then plaintiff has received bi-weekly workers compensation benefits by check mailed to him.

*ing the same* (other than a deposition or an oath of office, or an oath required to be taken before a specified official other than a notary public), *such matter may, with like force and effect* be supported, evidenced, established, or proved by the unsworn declaration, certificate, verfification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(1) If executed without the United States: I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

(Signature)

(2) If executed within the United States, its territories, possessions, or commonwealths: I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on (date).

(Signature)

In the instant case the declaration complies with the requirements of the statute and notarization is not required. *Pfeil v. Rogers,* 757 F.2d 850, 859 (7th Cir.1985); *Dickinson v. Wainwright,* 626 F.2d 1184, 1186 (5th Cir.1980); *In re Zupancic,* 38 B.R. 754, 757–758 (U.S.B.R. 9th Cir.1984). Accordingly, such statement is admissible in the place of affidavits for the purpose of the summary judgment motion. *Falzerano v. Collier,* 535 F.Supp. 800, 803 (D.N. Jersey 1982).

█ In view that plaintiff's injury was determined to be covered by the LHWCA, his exclusive remedy lies in receipt of benefits under that Act. Plaintiff is stripped of his right to maintain the tort action against his employer under the FTCA. *Harmon v. Baltimore & Ohio R.R.,* 741 F.2d 1398, 1405 (D.C.Cir.1984); *Price v. Norfolk & W. Ry. Co.,* 618 F.2d 1059, 1060, 1062 (4th Cir.1980). Therefore, the claims against the United States and the U.S. Navy must be dismissed.

█ Plaintiff has also included as defendants the medical personnel at the Hospital. Said personnel is immune from suit by virtue of 10 U.S.C. § 1089(a). The section provides:

*The remedy against the United States provided by sections 1346(b) and 2672 of title 28, for damages for personal injury, including death, caused by the negligent or wrongful act or omission of any physician, dentist, nurse, pharmacist or paramedical or other supporting personnel* (including medical and dental technicians, nursing assistants, and therapists) *of the armed forces, the National Guard while engaged in training or duty under 316, 502, 503, 504, or 505 of title 32, the Department of Defense, the United States Soldiers' and Airmens's Home, or the Central Intelligence Agency in the performance of medical, dental, or related clinical studies and investigations) while acting within the scope of his duties or employment therein or therefor shall hereafter be exclusive of any other cruel action or proceeding by reason of the same subject matter against such physician, dentist, nurse, pharmacist, or paramedical or other supporting personnel,* (or the estate of such person) *whose act or omission gave rise to such action or proceeding.* (emphasis ours).

The previously mentioned declaration, by Robert P. Monahan, states at paragraph 4 that to the best of his knowledge the named fictitious defendants in the complaint were physicians and other medical personnel of the armed forces who were, when they attended plaintiff on and after January 26, 1982, acting within the scope of their employment with the U.S. Navy and according to federal law.

█ Turning to the substance of the provisions under 10 U.S.C. § 1089(a) we find that as per the declaration submitted, those fictitious defendants were working within the scope of duties. *Afonso v. City of Boston,* 587 F.Supp. 1342, 1345 (D.Mass. (1984). The malpractice immunity statute, 10 U.S.C. § 1089(a) immunizes military

physicians and makes tort claims against the government the exclusive remedy available in a malpractice action. *Baker v. Barber,* 673 F.2d 147, 148–149 (6th Cir.1982).

 The legislative history reveals that the purpose of section 1089(a) is:

provide, through application of the Federal Tort Claims Act, protection from individual liability to certain medical personnel while acting within the scope of their official duties. In short, defense medical personnel would be immunized from malpractice suits. The bill would eliminate the need of malpractice insurance for all such medical personnel....

S.Rep. No. 94–1264, 94th Congress 2nd Session 1 (1976); U.S.Code Congr. & Adm. News 4443. *See also, Bass v. Parsons,* 577 F.Supp. 944, 947 (W.Va.1984). It was the intent of Congress to fully protect medical personnel from any potential personal financial liability that might arise from performance of official medical duties. S.Rep. No. 94–1264, 94th Congress 2nd Session 2 (1976); U.S.Code Congr. & Adm.News 1976, p. 4443.

Therefore, by virtue of 10 U.S.C. § 1089 the individual defendants are immune from suit. *Hall v. United States,* 528 F.Supp. 963, 965 (D.N.Jersey 1981). Military medical personnel are immune from personal liability. *Pelphrey v. U.S.,* 674 F.2d 243, 246 (4th Cir.1982).

Accordingly, the plaintiff's actions against medical personnel must be also dismissed. *Howell v. U.S.,* 489 F.Supp. 147, 149 (W.D.Tenn.1980).

WHEREFORE, in view that plaintiff's exclusive remedy lies under the Longshoremen and Harbor Workers Compensation Act, there is no jurisdiction to entertain the present action against the United States and against the individual defendants under 10 U.S.C. § 1089(a).

The Clerk of the Court shall enter judgment DISMISSING the complaint.

IT IS SO ORDERED.