940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herman JACKSON, Plaintiff-Appellant,
v.
CITY OF CLEVELAND, and Reginald Turner, In His Capacity as
Safety Director of the City of Cleveland,
Defendants-Appellees.
 No. 90-3231.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1991.
 
 Before MILBURN and BOGGS, Circuit Judges, and DEMASCIO,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Herman Jackson was discharged from his employment in the Fire Department of the City of Cleveland after a hearing before the city's safety director, Reginald Turner. Subsequent to his discharge, he brought suit against the city and Turner, contending that the termination of his employment, allegedly without a proper pre-deprivation hearing, violated his civil rights under 42 U.S.C. Secs. 1981 & 1983. He also alleged that the fire department applied its disciplinary procedures against him in a racially discriminatory manner, in violation of 42 U.S.C. Sec. 2000e et seq.
 
 
 2
 Prior to trial, the district court dismissed Jackson's Sec. 1983 claim, holding that his complaint merely alleged a violation of due process and did not state a claim under Sec. 1983. Jackson's Sec. 1981 claim was tried to a jury, which found in favor of the defendants. Without the aid of a jury, the district judge found for the defendants on the Title VII claims.
 
 
 3
 After judgment was entered for the defendants on all claims, Jackson filed timely notice of appeal from the dismissal of his Sec. 1983 claim and the court's disposition of the Title VII claim. We affirm the district court.
 
 
 4
 * Jackson served as a member of the Cleveland Fire Department from November 1977 until his discharge in January 1984. He began as a firefighter, but worked his way up to inspector. Jackson was accused of attacking Garland Hairston, a fellow firefighter. He was discharged after a hearing before Turner. Jackson's case centers on the fairness of the discharge hearing. Jackson has two major grievances against this proceeding. First, both he and Hairston were subject to disciplinary proceedings because of the altercation. Hairston's case was heard first, and Jackson was not there to testify. Hairston was absolved of liability for starting the fight. Jackson maintains that the purpose of the disciplinary proceedings was to determine who had started the fight. He argues that if one of them were found innocent of starting the fight, the other had to be found guilty a fortiori. Jackson contends, therefore, that the result of Hairston's hearing compelled Turner to find him guilty. For this reason, Jackson says, he was deprived of a "meaningful" pre-deprivation hearing.
 
 
 5
 Jackson's second grievance is that he was not properly notified of his own hearing and was not present as a result. There is a factual dispute between Jackson and the defendants on this issue. The notice was sent by certified letter. Jackson maintains that it was addressed to "1236 E. 145th St.; Cleveland Ohio 4411."." His address, however, is "1236 E. 145th St.; E. Cleveland, Ohio 4411."." In other words, the notice was addressed to the proper street and house number but to the wrong zip code. The address on the notice indicated that Jackson lived in "Cleveland." In fact, he lived in "East Cleveland."
 
 
 6
 Jackson maintains that post office records show that the "first notice of service" was February 15. The hearing was scheduled for February 14. Jackson also maintains that he did not learn that the post office had attempted to deliver a certified letter until February 16, when he saw the yellow slip in his mail box. He picked the letter up on February 17.
 
 
 7
 The City tells a different story. In its version, the certified letter notifying Jackson of the hearing was dated February 7. Jackson, however, refused repeated delivery attempts until February 17. This was consistent with his past practices, according to the city. In October 1983, Jackson had refused to claim certified mail notifying him of a pre-disciplinary hearing. On other occasions, he refused to sign for them. These prior disciplinary proceedings arose out of Jackson's alleged failure to submit fire inspection reports as ordered.
 
 
 8
 The City also maintains that Lt. Charles Cummings called Jackson on February 14 to inform him of the hearing, but that Jackson failed to make an appearance nonetheless.
 
 II.
 
 9
 Plaintiff argues that under Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487 (1985), he has a right to a hearing in which he presents his side of the case. He also argues that he has a Loudermill right to proper notice of the hearing and that the notice he was given fell below the standards established in Mulane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656 (1950).
 
 
 10
 Even if we concluded that there was a Loudermill violation in this case, there is no showing that the failure to notify Jackson of the hearing was due to an official municipal policy, see Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978), or that a policy-making official decided not to provide Jackson with notice. See Pembaur v. City of Cincinnati, 475 U.S. 469, 483, 106 S.Ct. 1292, 1300 (1986). Without such a showing, plaintiff cannot recover under Sec. 1983.
 
 II
 
 11
 Jackson also contends that the charges for which he was dismissed were a pretext for racial discrimination. He asserts that the district court's findings of fact rejecting this contention are clearly erroneous because they fail to consider key elements of his case. Specifically, Jackson points out that the original charges against him merely accused him of fighting with Hairston. Later they were changed to the allegation that he had started the fight. Jackson also believes it significant that the notice of his hearing was sent to the wrong address. In the past, mail from the fire department had been properly addressed. Finally, Jackson finds it significant that Lt. Cummins was at Hairston's hearing, but not Jackson's.
 
 
 12
 Jackson's charge, that the district judge did not give full consideration to his assertions of pretext, is unwarranted. The district judge did consider the possibility that fire department officials wanted to get rid of Jackson and were using his fight with Hairston as a pretext for doing so. What the court below was unable to find was that department officials were motivated by racial hostility to Jackson. Our review of the record provides no grounds for disturbing this conclusion, since it is not clearly erroneous. See Anderson v. City of Bessemer, 470 U.S. 564, 565, 105 S.Ct. 1504, 1507 (1985); Johnson v. United States, 600 F.2d 1218, 1222 (6th Cir.1979).
 
 III
 
 13
 For the foregoing reasons, the judgment below is AFFIRMED.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior District Judge, sitting by designation