**Christian C. SCHMID, Jr.**

**v.**

**The UNITED STATES of America.**

**Civ. A. No. 85–1163.**

United States District Court,
E.D. Pennsylvania.

Aug. 22, 1986.

William T. Lawson, Yeadon, Pa., for plaintiff.

Edward T. Ellis, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

This is an action under the Federal Tort Claims Act to recover damages for personal injuries. Pending before the court is the Government's motion for summary judgment. For the reasons set forth below, the motion is granted.

Plaintiff Christian C. Schmid, Jr. was a United States Government logistics management specialist. On June 14, 1982, he sustained the injuries that gave rise to this action while playing softball on property owned by the United States Department of the Navy, Aviation Supply Office ("ASO") in Philadelphia, Pennsylvania. Plaintiff claims that he stepped into a rut or depression on the playing field, fell and injured his shoulder and that his injuries were caused by the defendant's negligence.

The softball game was an activity organized by the Compound Employees Recreation Association ("CERA"), an organization of government employees. The ASO sponsored, encouraged and partially funded the CERA and participated in the formation of its Constitution and By-Laws issued as Joint Instructions. There are three softball fields within the ASO compound. Use of these fields is controlled by the Command Support Activities Office; access to the compound is restricted and unauthorized persons using the fields are removed. The Command Support Activities Office does not charge for use of the ASO compound softball fields; as a result of this policy, the CERA softball teams did not pay for use of the Government fields in the summer of 1982.

The Government earlier moved to dismiss this complaint or, in the alternative, for summary judgment on the ground that the Government owed no duty of care to persons using its property for a softball game. Upon consideration of plaintiff's response and oral argument, the court denied defendant's motion by Memorandum and Order of September 26, 1985.

Thereafter, the Government filed this motion for summary judgment on the ground that since plaintiff's claim is compensable under the Federal Employees Compensation Act ("FECA"), he is barred from bringing any action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq* ("FTCA").

Plaintiff sustained the injuries that gave rise to this action on June 14, 1982. Plaintiff filed a claim for FECA benefits on January 20, 1983; the Department of the Navy opposed the claim. On January 4, 1984, the Philadelphia Office of Worker's Compensation Program ("OWCP") denied the claim on the ground that plaintiff was not in the performance of duty when injured. Plaintiff timely requested a hearing on the denial of his claim. Before the hearing was scheduled, the Appellate OWCP vacated the Philadelphia OWCP order denying plaintiff compensation and remanded the case to the Philadelphia Office for a *de novo* decision. The Philadelphia OWCP then reversed its decision of January, 1984 and found on April 9, 1985 plaintiff was entitled to FECA benefits because he was in the performance of duty when injured. Meanwhile, plaintiff had instituted this action on March 1, 1985.

Title 5 U.S.C. § 8102(a) provides:

(a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is—

(1) caused by the willful misconduct of the employee;

(2) caused by the employee's intention to bring about the injury or death of himself or of another; or

(3) proximately caused by the intoxication of the injured employee.

Where FECA applies, it expressly precludes "all other liability of the United States" either "under a workmen's compensation statute or under a federal tort liability statute." 5 U.S.C. § 8116(c).

■ FECA is the exclusive remedy for federal employees within its coverage; federal employees' injuries that are compensable under FECA cannot be compensated under other federal statutes such as the FTCA. FECA provides an administrative scheme for compensation with respect to work-related injuries without proof of fault regardless of the employee's contributory negligence; in return for this no-fault system of guaranteed payments, the United States is immune from suits other persons might bring for similar injuries. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194, 103 S.Ct. 1033, 1036, 74 L.Ed.2d 911 (1983).

The Act rests the Secretary of Labor with the exclusive authority to administer FECA and decide all cases arising thereunder. Title 5 U.S.C. § 8145 provides:

The Secretary of Labor shall administer, and decide all questions arising under, this subchapter. He may—

(1) appoint employees to administer this subchapter; and

(2) delegate to any employee of the Department of Labor any of the powers conferred on him by this subchapter.

The Secretary of Labor's decisions under FECA are not subject to judicial review:

The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5. U.S.C. § 8128(b).

■ The OWCP is a subdivision of the Department of Labor. Its determination of April 9, 1985 that plaintiff's injury is compensable under FECA is not reviewable by this court, 5 U.S.C. § 8128(b) whether or not this court believes this determination is grounded in logic or precedent. *See DiPippa v. United States*, 687 F.2d 14, 17 (3d Cir.1982). Its determination that plaintiff is covered by the FECA bars this action.

■ Plaintiff contends that his claim is not barred because at the time he initiated his action he had been denied FECA benefits and the OWCP found plaintiff's injuries compensable only after he initiated this action. But the policy considerations behind making FECA the exclusive remedy rule apply:

[The] Act sets up a comprehensive system of workmen's compensation for federal employees. Congress provided that it [the FECA] be interpreted and administered by a Bureau of Employees' Compensation and an Appeals Board whose action is not reviewable by the courts.... Obviously, the purpose in so providing was to insure uniformity of interpretation and policy.

*Somma v. United States*, 283 F.2d 149, 151 (3d Cir.1960). A district court must dismiss an action under FTCA if the Secretary of Labor determines that the plaintiff falls within the purview of the Act whether prior or subsequent to institution of the action.

Plaintiff contends that the appellate reversal of denial of his benefits resulted from collusion between the Departments of Justice and Labor:

Plaintiff filed the within Action on March 5, 1985. Subsequently, on April 9, 1985, one month after Plaintiff filed his

complaint, almost one (1) year after Plaintiff filed his Administrative Claim under the Federal Torts Claim Act, and almost thirty-four (34) months after Plaintiff was injured the U.S. Department of Labor reversed its decision and awarded the Plaintiff compensation. There was no additional evidence presented by the Plaintiff and no hearing held prior to this Order. The Department of Labor entered this Order of its' own initiative. One can not [sic] help but notice the proximity of dates, and wonder if the Department of Labor's decision would have been different if the Plaintiff had not timely filed his Complaint herein under the Federal Tort Claims Act."

(Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, p. 1 (Docket No. 19)).

■ But plaintiff's recitation of the history of his claim omits that the April 9, 1985 OWCP reversal of benefits denial was a consequence of the remand obtained as a result of plaintiff's February 24, 1984 appeal of that denial. The reversal of benefits denial was a result of plaintiff's action occurring prior to the institution of this action. There is no evidence of an intergovernmental conspiracy to deprive plaintiff of compensation for his injuries.

Plaintiff also contends that he was denied FECA benefits subsequent to the April 9, 1985 determination of FECA compensability, so that his claim under FTCA is not barred. It is true that on January 8, 1986, plaintiff was notified by the Philadelphia OWCP that he was not entitled to a continuation of pay benefits for his absence from work in 1982 because he had failed to provide FECA with a timely written notice of injury. Plaintiff was injured on June 14, 1982, but did not file a claim for FECA benefits until January 20, 1983.[1] Plaintiff remains eligible for other FECA benefits including compensation for lost time, pay-

ment of medical bills, vocational rehabilitation benefits, and so on. See Affidavit of Alonza E. Hart filed on July 18, 1986. Therefore, plaintiff is covered by FECA but coverage is limited because of lack of timeliness of his claim.

Plaintiff contends that even if his claim is compensable under FECA, the present action is not barred under a dual capacity doctrine that treats the employer also as a third-party outside the protection of the workmen's compensation statute when the employer's acts are independent of and unrelated to his status as employer; *Wright v. United States*, 717 F.2d 254, 259 (6th Cir.1983). In *Wright*, the court held an employee of the Veterans' Administration could bring an action against it for medical malpractice in treating an injury sustained in the course of employment because the decision to treat established a doctor-patient relationship independent of the employer-employee relationship. *Id.* at 260.

■ But the Court of Appeals for the Sixth Circuit appears to be the only federal court to have adopted the dual capacity doctrine in FECA cases. The Court of Appeals for the Third Circuit has not expressly precluded its viability. However, in *Gold v. United States*, 387 F.2d 378 (1967) (per curiam), it affirmed the district court's grant of summary judgment in favor of the United States on the ground that the FECA was the plaintiff's exclusive remedy on facts almost identical to *Wright*. *Gold*, like *Wright*, was an action for medical malpractice in treating an injury sustained in the court of employment. *See also, Balancio v. United States*, 267 F.2d 135 (2d Cir.), *cert. denied*, 361 U.S. 875, 80 S.Ct. 139, 4 L.Ed.2d 114 (1959). The dual capacity doctrine does not apply in FECA cases.[2]

■ Moreover, the dual capacity doctrine is inapplicable to this case. Here, unlike

---

**1.** Plaintiff's tardiness in submitting his claim rendered him ineligible for "continuation of pay" benefits only.

**2.** In *Charles Shelley v. Johns-Manville Corp.*, 798 F.2d 93 (3d Cir.1986), the Court of Appeals predicted that Pennsylvania would adopt the dual

capacity doctrine. But that case was decided under Pennsylvania's Workmen's Compensation and Occupational Disease Acts not an act of Congress abrogating the Government's sovereign immunity and cannot govern this case.

*Wright,* the Government benefited in its capacity as an employer from the activity in which plaintiff was injured. The Government presumably encouraged, sponsored and funded the softball game and allowed the teams to use its field without charge because it improved employee health and morale. Because of this presumed benefit, the Government employer did not act as a third party unprotected by the federal workman's compensation statute. *See* 1A A. Larson *Workmen's Compensation Law* ¶ 22 (1985).

■ Finally, plaintiff contends that summary judgment is untimely because the defendant has not complied with plaintiff's discovery requests. The Government has not answered sixty-seven lengthy interrogatories. But plaintiff concedes that these interrogatories do not go to the issue of the FECA bar. There is no reason for the court to deny this summary judgment motion to permit discovery irrelevant to the legal issue that requires judgment to be granted in favor of defendant.