J. CHARLES SAUTER, Administrator, etc., Respondent, v. THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

Where a person who, through the negligence of another, has received an injury which, without a surgical operation, would cause his death, employs a competent and skillful surgeon, by whose mistake the operation is not successful, and the patient dies, the wrongdoer is not shielded from liability by the surgeon's error, and this, although the operation is the immediate cause of the death.

The sudden jerking of a railroad train backward while passengers are rightfully passing out of the cars is liable to produce accidents, and is negligence.

In an action to recover damages for negligently causing the death of another, the Northampton tables are competent evidence to show the probable duration of life of the deceased, which is an element in estimating damages.

Patrick v. Com. Ins. Co. (11 J. R., 14); Livie v. Janson (12 East, 655) distinguished.

(Argued April 11, 1876; decided April 18, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 6 Hun, 446.)

This action was brought to recover damages for injuries alleged to have caused the death of John Sauter, plaintiff's intestate, and to have been occasioned by the negligence of plaintiff's employes.

The facts appear sufficiently in the opinion.

*S. W. Jackson* for the appellant. The *onus* was upon plaintiff to show that the death of the deceased was caused by defendant's negligence. (*Sheldon* v. *H. R. R. R. Co.*, 29 Barb., 226; *Curran* v. *W. C. and Mfg. Co.*, 36 N. Y., 153.) Defendant was only liable for those injuries of which its negligence was the probable cause. (S. & R. on Neg., § 595; *Patrick* v. *Com. Ins. Co.*, 14 J. R., 14; *Livie* v. *Janson*, 12 East, 655; *Flower* v. *Adam*, 2 Taunt., 314; *Mott* v. *H. R. R. R. Co.*, 1 Robt., 593; *Anthony* v. *Slaid*, 11 Metc., 290; *Crain* v. *Petrie*, 6 Hill, 522; *McGrew* v. *Stone*, 53 Penn. St., 436; Whart. on Neg., § 134.) A wrongdoer is only liable for those consequences which are the natural and proximate result of the wrong complained of, and which may be reasonably expected to result under ordinary circumstances. (*Lowery* v. *W. U. Tel. Co.*, 60 N. Y., 201; *Putnam* v. *Bd. and Seventh Ave. R. R. Co.*, 55 id., 116; *Greenland* v. *Chaplin*, 5 Exch., 248; *Saxton* v. *Bacon*, 31 Vt., 546; *Powell* v. *Salisbury*, 3 Y. & J., 391; *Calkins* v. *Barger*, 44 Barb., 424; *Wells* v. *N. Y. C. R. R. Co.*, 24 N. Y., 187.)

*E. W. Paige* for the respondent. If the mistake of the doctor directly caused the death, and the hernia had nothing to do with it except to render the operation necessary, still defendant is liable. (*Com.* v. *Hackett*, 2 Al., 140; *Clark* v. *Lebanon*, 63 Me., 393; *Vandenburgh* v. *Truax*, 4 Den., 464; *Pollett* v. *Long*, 56 N. Y., 202.) The deceased was not bound to employ the most skillful surgeon. Ordinary care only was necessary. (*Lyons* v. *Erie R. Co.*, 57 N. Y., 490.) The jolt which occurred when the deceased was injured was negligence as matter of law. (*Milliman* v. *N. Y. C. and H. R. R. R. Co.*, 4 Hun, 409; 6 T. & C., 585; *Keating* v. *N. Y. C. and*

*H. R. R. R. Co.*, 49 N. Y., 673.) It was proper upon the question of the duration of life of the deceased to receive in evidence the Northampton tables. (*Schell* v. *Plumb*, 55 N. Y., 592.)

CHURCH, Ch. J. The circumstances proved were sufficient to authorize the jury to find that the injury was caused by the act of the defendant's employes. The evidence tends to show that as the plaintiff's intestate was passing out of the car to alight, a sudden jerk was given to it backward, and the plaintiff was thrown suddenly forward, his carpet-bag striking the railing, and he striking the carpet-bag. This was proved to be sufficient to cause the hernia of which he died. The circumstances pointed to this as the cause, and repelled the idea of any other. True, the evidence was that it might have been produced by many other causes, but there was no evidence tending to prove that it was produced by any other. On the contrary, the inference was legitimate that it was not.

It is claimed that the injury was not the proximate cause of death. The deceased had what the surgeons denominated strangulated hernia, an injury certain to produce death, unless relieved. Being unable to reduce it by pressure, an operation was decided upon and performed by surgeons of conceded competency and skill. The operation is a very delicate and dangerous one, but is often and perhaps generally performed with success. In this case the *post-mortem* examination disclosed that there were two strictures, only one of which had been cut, and that a mistake was made by pressing the intestine into an abnormal cavity, between the peritoneum and pubic bone, produced in some manner by a separation of the peritoneum from the bone, instead of pressing it into the abdomen. There was a difference of opinion whether the immediate cause of death was by the mistake in pressing the intestine into the wrong cavity or by the natural effect of the second stricture which was not cut; but assuming that it was the mistake, which is the most favorable for the defendant, is the principle invoked by the learned counsel applicable? I

think not. The cases cited do not sustain the position. The case of *Patrick* v. *Commercial Insurance Company* (11 J. R., 14) was an action upon a policy against sea-risks. The vessel stranded, but before she could be got off she was forcibly seized and burned by a public enemy, and it was very properly held that the damage was from the capture, and not the stranding. *Livie* v. *Janson* (12 East., 655) was analagous in principle. To bring a case within the principle claimed, the general rule is that the actual injury must be occasioned by the intervention of some responsible third party or power. (Wharton on Neg., § 134.) I do not think that the mistake of the surgeon can, in any sense, be regarded as such. The employment of a surgeon was proper, and may be regarded as a natural consequence of the act, and the mistake which it is evident might be made by the most skillful, may be regarded of the same character. In *Lyons* v. *The Erie Railway* (57 N. Y., 489), the Commission of Appeals held, if one who is injured by the negligence of another, acts in good faith under the advice of a competent physician, even if it is erroneous, he may recover, and that the error is no shield to the wrong-doer. The rule is laid down in *Commonwealth* v. *Hackett* (2 Allen, 137), that one who has willfully inflicted upon another a dangerous wound from which death ensued, is guilty of murder or manslaughter, as the case may be, although, through want of due care or skill, the improper treatment of surgeons may have contributed to the result.

Here it is sought to shield the wrong-doer because the deceased failed to procure relief, although he used the usual and best available means for that purpose. He would have died without an operation; assuming that by the mistake of the surgeon the operation was not successful, can it be justly said, in the first place, that the surgeon and not the injury killed him; and in the second place, that the surgeon is to be regarded as a responsible intervening third person, within the rule referred to? There is no authority that approaches such a proposition. Hence there was no error in refusing to charge that if death was proximately caused by pressing the intestine

into the abnormal cavity, the plaintiff could not recover. The court had charged that if the hernia was not the proximate cause of death the plaintiff could not recover, nor unless it was caused by the defendant. The court also charged that if death was produced by the error, ignorance, blunder, or maltreatment of the surgeon, the plaintiff could not recover. The charge was quite as favorable to the defendant as the case would warrant.

Error is also alleged upon the refusal of the court to charge that the plaintiff could not recover, unless the jury found that the injury would be reasonably apprehended by a prudent man as the result of the alleged movement of the cars. The court declined to charge other than as he had charged. He had charged that if after the train was stopped it was given such a jolt as to endanger the lives of passengers, the act would be wrongful. The sudden jerking of a train backward while passengers are rightfully passing out of the cars, is evidently liable to produce accidents, and under such circumstances is a negligent act. There was no foundation, therefore, for the test of apprehended danger by a prudent man. At all events, the charge made was favorable to the defendant in any aspect of the case. The Northampton tables were properly received. (*Schell* v. *Plumb*, 55 N. Y., 592.) The probable duration of the deceased's life was an element in estimating damages, and being so, it was proper to give this evidence upon the question.

The judgment must be affirmed.

All concur.

Judgment affirmed.