Bernardo **BALANCIO**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 277, Docket 25516.

United States Court of Appeals Second Circuit.

Argued April 24, 1959.

Decided May 22, 1959.

Morris Hirschhorn, New York City, for appellant.

Leavenworth Colby, Chief, Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., Arthur H. Christy, U. S. Atty., New York City, Samuel D. Slade, Benjamin H. Berman and Thomas P. Griesa, Attys., Dept. of Justice, Washington, D. C., of counsel, for appellee.

Before HAND and LUMBARD, Circuit Judges, and ANDERSON, District Judge.

HAND, Circuit Judge.

The plaintiff appeals from a judgment of Judge Noonan, dismissing his amended complaint under Fed.Rules Civ.Proc. Rule 12(b) (6), 28 U.S.C.A., for failure to state a claim upon which relief could be granted under the Tort Claims Act, § 1346(b) of Title 28, U.S.Code. The amended complaint alleged that the plaintiff, as a civilian seaman employed by the United States, was admitted into a public health service hospital owned and operated by the United States in Seattle; that while there the hospital employees negligently rendered improper medical care and attention to him while he was suffering from severe head and skull injuries; and that as a result he had become gravely and permanently disabled. In his original complaint he had alleged the same facts, but had added that he had been "severely" injured during the course of his employment on a ship operated by the defendant; and it is common ground that he had been so injured in the face and head while at work as a civilian seaman. Moreover, it is not disputed that for the injuries suffered on the ship "while in the performance of his duty" he was entitled to compensation under Section 1 of the Federal Employees' Compensation Act, 5 U.S.C.A. § 751, Section 7(b) of which (5 U.S.C.A. § 757(b)) provides that "the liability of the United States or any of its instrumentalities" under that section "with respect to the injury or death of an employee shall be exclusive, and in place, of all other liability of the United States," specifically including "any Federal tort liability statute." The action is based upon the theory that the plaintiff was entitled to recover under the Tort Claims Act for the aggravation of his injuries on shipboard because the negligence or malpractice in the hospital created a claim for relief, separate or inde-

pendent of the original injuries; and that, although his only remedy for the original injuries was exclusive by virtue of § 7(b) of the Compensation Act; his presence in the hospital was not any part of "the performance of his duty."

In Johansen v. United States, 1952, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051, the Supreme Court, although by a margin of only one vote, held that Section 7(b) of the Compensation Act applied to civilian seamen employed upon a United States ship. It is well settled law that a person, physically injured by the negligence of another, may recover in one action against a tortfeasor, not only for any injuries caused by the tortfeasor's negligence, but for any aggravation of them due to the incompetence of the physicians who treated him. Restatement of Torts, Section 457. This has been held in a number of cases in state courts.* We have found no decision in an appellate court under the Federal Employees' Compensation Act that is on all fours with the case at bar, although in Ellamar Mining Co. v. Possus, 247 F. 420, the Court of Appeals for the Ninth Circuit did interpret the Alaska Compensation Act to allow recovery under an Alaska statute similar to the Federal Tort Claims Act for the aggravation of injuries compensable under the local act. That was more than forty years ago, long before Johansen v. United States, supra, 343 U.S. 427, 72 S.Ct. 849, was decided, and when Compensation Acts were new and not so favorably regarded as they now are: e. g., O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483. In Reid v. United States, 5 Cir., 224 F.2d 102, the court thought that the plaintiff had been refused compensation because he had not originally been injured in the course of his employment; and on the second appeal 5 Cir., 251 F.2d 691 this ruling was not disturbed; at any rate the point was not

taken that compensation was the exclusive remedy. In Canon v. United States, 9 Cir., 188 F.2d 444 and 9 Cir., 217 F.2d 70 the first decision depended in part upon a supposed option to elect between compensation and the Tort Claims Act; and Johansen v. United States, supra, 343 U.S. 504, 72 S.Ct. 849, had not yet decided that the Compensation Act was the exclusive remedy and that there was no option, at least as to civilian seamen. In United States v. Morin, 9 Cir., 229 F. 2d 824 the point was not mentioned at all: apparently the defense was not raised. Volk v. New York, 284 N.Y. 279, 30 N.E.2d 596, is to the contrary of what we are now deciding, but it is not authoritative, and with deference it does not persuade us.

It is not necessary, we think, to hold that it was part of the plaintiff's duty to go to the hospital, because the aggravation of his initial injuries, suffered while he was indubitably in performance of his duty, should be regarded as resulting from the initial injuries themselves. As we have just said, that is the rule at common-law when the claim is for negligence; the initial wrong is the cause of all that follows, even when there has intervened a succeeding negligent act that produced the aggravation. We interpret the Compensation Act as a substitute for the whole of the claim that, but for it, would have arisen under the Tort Claims Act. Of course it may be true that the compensation granted by the Compensation Act, is not an adequate substitute for the unlimited recovery open to Federal employees, as well as others, under the Tort Claims Act. That is to say, it is possible that to accord to all Federal employees a limited remedy for injuries, even though they are caused without "fault," is not the equivalent of a grant of unlimited remedies under the Tort Claims Act to those who can show that their injuries are

---

* Nall v. Alabama Utilities Co., 1931, 224 Ala. 33, 138 So. 411; Ash v. Mortensen, 1944, 24 Cal.2d 654, 150 P.2d 876; Persten v. Chesney, Mo.App.1948, 212 S.W. 2d 469, 475; Sauter v. New York Central & H. R. R. R., 1876, 66 N.Y. 50; Thompson v. Fox, 1937, 326 Pa. 209, 192 A. 107, 112 A.L.R. 550; Selleck v. City of Janesville, 1898, 100 Wis. 157, 75 N.W. 975, 41 L.R.A. 563.

caused by "fault." However, that is certainly not for us to say. Be it as it may, we cannot disregard the fact that Congress meant that, whenever "compensation" was available to a Federal employee, it was to be his only remedy.

Judgment affirmed.