Chief Judge Fuld
(dissenting). It seems to me, as it did to the Appellate Division, that the injuries suffered by the claimant arose out of and in the course of her employment. Accordingly, her sole recourse was to proceed under the Workmen’s Compensation Law, and I agree with the reasons given by the Appellate Division in reaching that result.
The injury resulting from the claimant’s fall from the stretcher may not be said to be a risk not a part of, or incidental to, her employment. To the extent that Volk v. City of New York (284 N. Y. 279) points a different conclusion, I would overrule it. (See Balancio v. United States, 267 F. 2d 135, 137.) The concept of what constitutes an act arising out of and in the course of employment has been considerably broadened in the 27 years since our decision in that case.
I would affirm the order appealed from.
Order reversed, etc.