SCHMID, Jr., Christian C., Appellant,

v.

The UNITED STATES of
America, Appellee.

No. 86–1582.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit Rule
12(6) April 7, 1987.

Decided Aug. 19, 1987.

William T. Lawson, III, Peter J. Scuderi, Philadelphia, Pa., for appellant.

Edward Dennis, Jr., U.S. Atty., Rickard K. Willard, Robert Greenspan, Daniel E. Bensing, Edward T. Ellis, Asst. U.S. Attys., Philadelphia, Pa., for appellee.

Before SLOVITER, BECKER, Circuit Judges, and FISHER, District Judge.[*]

BECKER, Circuit Judge.

This appeal presents the question whether a government employee who is alleged to have been injured as the result of the government's negligent maintenance of its property can, where the injury has been determined by the appropriate agency to have arisen "out of the performance of his duty," nonetheless successfully sue the government under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (FTCA), by invoking the so-called "dual capacity" doctrine. For the reasons that follow, we determine that, under the circumstances of this case, he cannot.

## I.

The plaintiff, Christian C. Schmid, Jr., is a civilian employee in the Aviation Supply Office (ASO) of the Navy Department, who played on a softball team operated by the Compound Employees Recreation Association, which was funded in part by the government. The team played on one of three softball fields within the ASO compound. Access to the compound was restricted to authorized personnel, and use of the fields was controlled by the Command Support Activities Office. Although most of the team members were fellow government employees, a specified number of non-employee participants could play on any one team. (See Appellant's Br. at 5.)

Plaintiff was injured while playing first base during a game on the evening of June 14, 1982, when he stepped into a rut in the field and fell, fracturing his left humerus. On January 20, 1983, he filed a claim for benefits under the Federal Employees Compensation Act, 5 U.S.C. § 8101 (FECA), with the Philadelphia Office of Workers' Compensation Program (OWCP). The claim was supplemented on February 9, 1983 by a physician's report. On January 4, 1984, the OWCP ruled that the injury was not compensable under FECA because it was not sustained during work hours. Plaintiff appealed to the Branch of Hearings and Review in Washington, D.C. On November 29, 1984, that office vacated the OWCP's decision on the ground that there was not enough evidence in the record to determine whether the injury was sustained in the performance of duty. The Branch of Hearings and Review remanded the case to the Philadelphia OWCP to obtain further evidence regarding this question.

On March 5, 1985 plaintiff instituted this tort suit in the Eastern District of Pennsylvania, seeking damages under FTCA. On April 9, 1985, the Philadelphia OWCP reversed itself, finding that the injury did, in fact, arise out of "the performance of his duty," 5 U.S.C. § 8102(a), so that it was compensable under FECA.

Shortly thereafter, the district court granted summary judgment in the government's favor, 645 F.Supp. 480, applying the rule that employees who receive FECA benefits may not sue for damages under the FTCA. See 5 U.S.C. § 8116(c), which provides that, when benefits are available under FECA, "all other liability of the United States" is precluded, whether "under a workmen's compensation statute or under a federal tort liability statute." Id.

* The Honorable Clarkson S. Fisher, Chief United States District Judge of the District of New Jersey, sitting by designation.

## II.

Plaintiff appeals, arguing that the FECA bar should not be applied here. He makes two arguments.

### A.

■ First, plaintiff contends that the government's initial decision denying him FECA benefits should allow him to proceed to federal court; he suggests that the initial decision was reversed only because he filed this action, and that the reversal should not divest this court of the power to award him FTCA damages. We reject this argument. First, it rests on an inaccurate characterization of the facts. The OWCP's initial decision was vacated and remanded before plaintiff filed this case. Moreover, no principle of estoppel prevents the government from correcting its own decisions by an intra-agency appeals process; indeed, preventing the government from so correcting its own errors would defeat the purpose of having such procedures. We think the government has properly determined that plaintiff's injury was sustained in the course of the performance of duty.[1]

### B.

■ Second, plaintiff urges us to adopt the dual capacity doctrine so that the FECA bar would not prevent him from recovering. Under the dual capacity doctrine, an employee injured in the performance of duty may recover from his employer if the employer was not acting as an employer at the time of the injury, but rather as a third party outside the scope of the workmen's compensation statute. Specifically,

An employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer

that by established standards the law recognizes it as a separate legal person.

2A Larson, Workmen's Compensation Law 14–229, § 72.81 (1982), quoted in *Wright v. United States*, 717 F.2d 254, 259 (6th Cir. 1983).

The plaintiff in *Wright* was a secretary in a Veterans' Administration Hospital who became ill at work, was admitted to the VA hospital where she was diagnosed as having an ectopic pregnancy, and then became the victim of malpractice by VA physicians. Although the VA decided that Wright had a remedy under FECA, the Sixth Circuit permitted her to recover under the Federal Tort Claims Act, adopting and applying the dual capacity doctrine to hold that her relationship with the VA—as patient—was entirely separate from her role as a VA employee. Over a dissent by Judge Kennedy arguing that the majority's decision defeats the exclusivity of the FECA remedy, the Sixth Circuit held that this radical difference in roles enabled Wright to recover under the FTCA even though FECA benefits were also available.

We have some difficulty with the dual capacity doctrine as a general matter.[2] We are concerned that the question at the center of the doctrine—whether at the time of injury the employer was acting as employer or as a third party vis-a-vis the employee—is virtually identical to the question the agency must ask in determining whether the employee is eligible for FECA benefits —i.e. whether or not the injury was sustained "in the performance of his duty." 5 U.S.C. § 8102(a). We think that a court applying the doctrine may come perilously close to second guessing the agency's decision about whether the employee is entitled to FECA benefits, something that § 8116(c) explicitly states the courts must not do. We note that the Sixth Circuit is alone in adopting the doctrine; Judge Learned Hand rejected it for the Second Circuit in

---

**1.** There is no evidence in the record to support plaintiff's insinuations that the OWCP's reversal of its initial denial of his FECA claim was the result of some government conspiracy to deprive him of an FTCA action.

**2.** The Government, however, is incorrect in its assertion, *see* Appellee's Br. at 10, that we rejected the doctrine in our per curiam opinion in *Gold v. United States*, 387 F.2d 378 (1967), hence its viability is open in this circuit.

**230**

*Balancio v. United States,* 267 F.2d 135 (2d Cir.1959), saying,

> we cannot disregard the fact that [under FECA] Congress meant that, whenever 'compensation' was available to a Federal employee, it was to be his only remedy.

267 F.2d at 138.

■ We need not decide the validity of the dual capacity doctrine, however, because we think that even if it applies it will not save plaintiff's claim for benefits. Under the Sixth Circuit's standard, the employer must be acting vis-a-vis the employee in a role entirely unrelated to its role as employer. Here, however, the government was the owner of land on which plaintiff was injured in a softball game that was sponsored in part by his (government) employer. The government encouraged employees to participate in such sports activities, and although some non-employees were permitted to play on the softball teams, such participation was limited. We accordingly believe that plaintiff's injuries were sustained in the course of activity sufficiently related to his employment that the government's role as team sponsor and field-owner was related to its role as employer.[3] We are therefore satisfied that the dual capacity doctrine would not permit the award of FTCA damages even if it were the law in this Circuit.

The district court's grant of summary judgment in the government's favor will be affirmed.[4]

---

**3.** Defendant appropriately directs us to two New Jersey cases which, in very similar factual settings, liberally construe the state's workmen's compensation statute to conclude that an authorized, off-duty softball game is within the coverage of the statute. *See Cuna v. Board of Fire Comm'rs, Avenel,* 42 N.J. 292, 200 A.2d 313 (1964); *Complitano v. Steel & Alloy Tank Co.,* 34 N.J. 300, 168 A.2d 809 (1961).

**4.** In light of our finding that the dual capacity doctrine is inapplicable in this case, we need not reach plaintiff's contention that defendant failed to comply with discovery requests, since they pertain only to the dual capacity facet of the case.