Donna H. Chauncey
**WILDER, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 88–9–VAL (WDO).**

United States District Court,
M.D. Georgia,
Valdosta Division.

July 15, 1988.

</div>

1542

Randall P. Harrison, Macon, Ga., for plaintiff.

Jack Hood, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

Plaintiff, Donna H. Chauncey Wilder, brings this Federal Tort Claims Act (FTCA) claim, 28 U.S.C. §§ 1346(b), 2671–2680, seeking to recover from defendant, the United States of America, damages allegedly resulting from certain acts of medical malpractice by medical personnel at the Moody Air Force Base Hospital, in Valdosta, Georgia. At the time of this alleged malpractice, Ms. Wilder had been working as a sales clerk at the Moody Air Force Base Main Exchange. She had gone to the Base hospital in order to seek medical treatment for a back condition that had either been caused or aggravated by her work as a sales clerk.[1] The government has filed a motion to dismiss Ms. Wilder's complaint, or in the alternative for summary judgment, based upon the fact that Ms. Wilder has been compensated for her injuries under the Longshoremen's & Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950, and, thus, she is barred from bringing the instant action under the FTCA. The parties have been given time to fully brief the questions raised by the government's motion, and the court is now prepared to render a decision.

---

1. The plaintiff stresses that she used the Base hospital facilities not because her employer provided those services, but rather because of her status as a dependent wife of an active duty serviceman, which entitles her to hospital care on the Base. For purposes of the court's order today, however, as will be pointed out, *infra*, this issue is deemed irrelevant to the court's decision.

■ Under the terms of 5 U.S.C. § 8171, employees of non-appropriated fund instrumentalities, including employees paid from non-appropriated funds of the Army and Air Force Exchange Service, 5 U.S.C. § 2105(c), qualify for compensation provided by the LHWCA when their injuries arise out of and in the course of their employment. In addition, 5 U.S.C. § 8173 states that the liability of the United States under this scheme of compensation is exclusive, *i.e.*, non-appropriated fund employees whose injuries are covered have no other remedies against the government. Since Ms. Wilder was an employee of the Moody Air Force Base Main Exchange during the relevant time periods, she cannot maintain this federal tort action unless it can be determined that her alleged injuries occurred outside the scope of her employment. *See Vilanova v. United States,* 802 F.2d 440 (1st Cir.1986); and *Martin v. United States,* 566 F.2d 895, 897 (4th Cir. 1977).

■ Based upon the undisputed evidence that Ms. Wilder was suffering from an injury to her back that was either caused or aggravated by her job duties, and that it was this job-related injury that required her to seek treatment at the Moody Air Force Base Hospital, the government has shown, as a matter of law, that Ms. Wilder's alleged injuries arose, if at all, out of and in the course of her employment. This conclusion stems from the fact that independent acts of negligence in the treatment of work-related injuries are not so unforeseeable as to break the chain of causation, and thus, employers can be held liable under the relevant workers' compensation statutes for these aggravated injuries. *See* 1 A. Larson *Workmen's Compensation Law* 3–414 § 13.21 (1985) and Vol. 2A § 72.61(c) (1985). Because the government can be held liable for all subsequent injuries that arise out of and in the course of treating an employee for a work-related injury, regardless of whether that treatment was negligent, injuries that allegedly resulted from the alleged malpractice of the Moody Air Force Base physicians while treating Ms. Wilder's work-related injuries are deemed to be injuries that arose out of and in the course of her employment. As such, her exclusive remedy is under the LHWCA. *Martin,* 566 F.2d at 897.

■ Furthermore, Ms. Wilder is voluntarily accepting payments under the LHWCA that she would not otherwise be entitled to unless her injuries resulted out of and in the course of her employment with the government. Because she has not voluntarily attempted to repudiate these benefits, nor has she presented any evidence to demonstrate her intent to waive the compensation remedy under the LHWCA, the court finds she is estopped from arguing that her injuries stemming from any alleged malpractice did not arise out of and in the course of her employment. *See Martin,* 566 F.2d at 898; and *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ Finally, plaintiff Wilder attempts to argue that the dual capacity doctrine should apply in this instance. Under this doctrine, even if a plaintiff's claim is compensable under LHWCA, the dual capacity doctrine treats the employer also as a third-party outside the protection of the workmen's compensation statute when the employer's acts are independent of and unrelated to his status as employer. *See Wright v. United States,* 717 F.2d 254, 259 (6th Cir.1983). In *Wright,* the court held that an employee of the Veterans Administration could bring an action against the United States for medical malpractice in the treatment of an injury sustained by her in the course of her employment with the government, because the VA's decision to treat her established a doctor-patient relationship that was independent of the employer-employee relationship. The decision in *Schmid v. United States,* 826 F.2d 227, 229 (3rd Cir.1987), makes clear, however, that the Court of Appeals for the Sixth Circuit appears to be the only federal court to have adopted the dual capacity doctrine in Federal Employees Compensation Act-type cases. Understandably so given the fact that the creation of such a doctrine, absent some indication by Congress that this remedy was intended, impermissibly

**1544**

places federal courts in the role of legislating remedies instead of simply applying the remedies created by Congress. Further, the adoption of the dual capacity doctrine amounts to an abrogation of the government's sovereign immunity. Because of these facts, the court joins the Second Circuit in its rejection of the dual capacity doctrine and finds, as did Judge Learned Hand in *Balancio v. United States*, 267 F.2d 135 (2d Cir.1959), that:

> we cannot disregard the fact that [under FECA] Congress meant that, whenever "compensation" was available to a Federal employee, it was to be his only remedy.

267 F.2d at 138. *See also Gold v. United States*, 387 F.2d 378 (3d Cir.1967); and *Lindsay v. George Washington University*, 279 F.2d 819 (D.C.Cir.1960).

For the foregoing reasons, then, the court concludes that Ms. Wilder's claims are barred by the exclusive remedy provisions found in the LHWCA and 5 U.S.C. § 8173. Summary judgment is, thus, GRANTED in favor of defendant United States of America and against plaintiff Wilder. Her complaint is dismissed in its entirety with prejudice.