**Donna H. Chauncey WILDER,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 88–8674.

United States Court of Appeals,
Eleventh Circuit.

May 23, 1989.

Randall P. Harrison, Macon, Ga., for plaintiff-appellant.

Jack B. Hood, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before KRAVITCH and COX, Circuit Judges, and MORGAN, Senior Circuit Judge.

PER CURIAM:

Donna Chauncey Wilder appeals an order of the district court granting summary judgment to the United States on her complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 2671–80 (1965), alleging that injuries she sustained while employed at Moody Air Force Base in Valdosta, Georgia, were aggravated by the malpractice of various medical personnel who treated her at the Base hospital. Jurisdiction was entertained under 28 U.S.C.A. § 1346(b) (1976), which gives the district courts exclusive jurisdiction over actions against the United States. The district court, in a published opinion, 688 F.Supp. 1541 (M.D.Ga.1988), concluded that the aggravation of Wilder's injuries through the alleged negligence of hospital personnel was compensable under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950 (1986) ("LHWCA"), and that her remedy under the LHWCA was exclusive of the remedy sought under the FTCA. The district court, therefore, dismissed Wilder's complaint with prejudice. We vacate the judgment of the district court and remand the case with instructions.

I. FACTS.

The facts are essentially undisputed. Wilder, the dependent wife of an active-duty serviceman, was employed as a sales clerk at the main exchange of Moody Air Force Base. As such, she was an employee of the Army and Air Force Exchange Ser-

vice, a nonappropriated fund instrumentality within the meaning of 5 U.S.C.A. § 2105(c) (1977) and the Nonappropriated Fund Instrumentality Act, 5 U.S.C.A. §§ 8171–73 (1980) ("NFIA").[1] She sustained an injury to her back in January, 1985, while performing her employment duties. Shortly thereafter, Wilder filled out an accident report and began to receive voluntary benefits from the Department of Labor under the LHWCA, although she did not apply for them.[2] Wilder presented herself at the Moody Air Force Base Hospital complaining of pain in her lower back, right hip and leg, and made a number of visits to the hospital during the weeks following her first visit in January. Wilder was admitted to the hospital on January 25, 1985, for complete bed rest and evaluation, and she remained in the hospital until February 2, 1985. Upon her discharge, she was referred to a civilian neurosurgeon, who diagnosed her condition as a herniated disc and performed two surgeries to treat the condition in February and September, 1985. Wilder alleges that medical personnel at the hospital were negligent in failing to diagnose her condition, in administering treatment which was both inadequate and harmful, and in failing to consult with a qualified specialist, all of which aggravated her condition and contributed to her subsequent permanent disability.

## II. DISCUSSION.

### A. *Exclusiveness of LHWCA Remedy*

■ Under 5 U.S.C.A. § 8171(a), employees of nonappropriated fund instrumentalities as described by 5 U.S.C.A. § 2105(c) (1977) are entitled. to compensation for death or disability under the rubric of the LHWCA.[3] Section 8173 purports to make

the liability incurred under section 8171 exclusive. The section reads:

> The liability of the United States or of a nonappropriated fund instrumentality described by section 2105(c) of this title, with respect to the disability or death resulting from injury, as defined by section 902(2) of title 33, of an employee referred to by sections 8171 and 8172 of this title, shall be determined as provided by this subchapter. This liability is exclusive and instead of all other liability of the United States or the instrumentality to the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States or the instrumentality because of the disability or death in a direct judicial proceeding, in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C.A. § 8173.

The language of section 8173 is identical in all material respects to the language of its sister provision, 5 U.S.C.A. § 8116(c) (1980), which purports to make exclusive the liability of the United States and its instrumentalities under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C.A. §§ 8101–93 (1980).[4] This court has previously held that liability under FECA is exclusive when a substantial question exists as to whether an employees' injuries are covered under FECA. *See Avasthi v. United States,* 608 F.2d 1059, 1060 (5th Cir.1979); *Bailey v. United States,* 451 F.2d 963, 965 (5th Cir.1971). We hold today that the same test should be applied to determine whether the liability of the United States under the LHWCA *via* the No-

---

1. *See* Discussion at p. 3, *infra. See generally Johnson v. United States,* 600 F.2d 1218, 1220–22 (6th Cir.1979), for a discussion of nonappropriated fund instrumentalities and the scheme of workmen's compensation devised for their employees.

2. Compensation payments under the LHWCA are automatically triggered by a report of injury by the employer, unless the employer controverts liability. 33 U.S.C.A. § 914(a). *See gener-*

*ally Vilanova v. United States,* 851 F.2d 1, 2 (1st Cir.1988).

3. The government does not dispute the fact that Wilder was an employee of a nonappropriated fund instrumentality at the time of her injuries or that she is entitled to compensation for her initial work-related injury under the LHWCA.

4. The Nonappropriated Fund Instrumentality Act is codified as subchapter II of FECA.

nappropriated Fund Instrumentalities Act, 5 U.S.C.A. § 8171–73, excludes the availability of other remedies, including the recovery sought by Wilder under the FTCA. If it is determined that a substantial question of coverage exists, then "the employee must first seek and be denied relief [under the LHWCA]...." *Avasthi*, 608 F.2d at 1060.

■ The government does not challenge the assumption of the district court that Wilder's initial injury was compensable, and we have no reason to challenge that assumption. The discrete issue presented is whether the subsequent aggravation of that injury by the alleged malpractice of the hospital's medical personnel presents a substantial question of coverage under the LHWCA. The parties do not cite, and our research has not discovered, any case in this circuit addressing the issue under either section 8116(c) or section 8173. Several cases, however, suggest that if a work-related injury compensable under FECA is aggravated through medical treatment, the aggravation is also compensable. *See Baker v. Barber*, 673 F.2d 147, 150 (6th Cir. 1982); *Balancio v. United States*, 267 F.2d 135, 137 (2d Cir.1959); *Mohr v. United States*, 184 F.Supp. 80, 81 (N.D.Calif.1960) (citing *Matter of Dombach*, 8 E.C.A.B. 389 (1955)) ("In the opinion of the Court, death or disability is compensable under the Compensation Act if it is the ultimate consequence of an injury sustained by a Federal employee in the performance of his duties even though it may have been directly caused by intervening medical treatment given for the original injury"); *Frieouf v. United States*, 183 F.Supp. 439, 440 (N.D. Calif.1960). *See generally*, A. Larson, *Workmen's Compensation Law* §§ 13.21 and 72.61(c) (1985). The reasoning of the Second Circuit in *Balancio* is persuasive:

It is not necessary, we think, to hold that it was part of the plaintiff's duty to go to the hospital, because the aggravation of his initial injuries, suffered while he was indubitably in performance of his

duty, should be regarded as resulting from the initial injuries themselves. As we have just said, that is the rule at common-law when the claim is for negligence; the initial wrong is the cause of all that follows, even when there has intervened a succeeding negligent act that produced the aggravation. We interpret the Compensation Act as a substitute for the whole of the claim that, but for it, would have arisen under the Tort Claims Act.

Wilder does not argue that the Secretary of Labor would deny an application for benefits were she formally to apply for them, and we need not speculate on the outcome of such an application. We are satisfied, and so hold, that the aggravation of her work-related injuries through the alleged malpractice of treating medical personnel presents a substantial question of coverage under the LHWCA, and a more conclusive determination is unnecessary. The district court erred in finally determining that the aggravation of Wilder's work-related injury was compensable under the LHWCA; in our opinion, that determination should be made in the first instance by the Secretary. Until Wilder has made an application for benefits and had it denied, she cannot pursue her remedy under the FTCA.[5]

### B. *The "Dual Capacity" Doctrine*

■ Wilder argues that we should apply the so-called "dual capacity" doctrine adopted by the Sixth Circuit in *Wright v. United States*, 717 F.2d 254 (6th Cir.1983). The doctrine is described as follows:

That doctrine treats the employer as a third party outside the protections of the workmen's compensation statute under certain conditions. The test is as follows: "An employer may become a third person, vulnerable to tort suit by an employee, if—and only if—he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards

---

**5.** In view of this holding, we need not scrutinize the wisdom of the district court's conclusion that Wilder is estopped from seeking recovery under the FTCA because she accepted voluntary

compensation payments under LHWCA. *See Wilder v. United States*, 688 F.Supp. at 1541, 1543 (M.D.Ga.1988).

the law recognizes it as a separate legal person." See 2A Larson, Workmen's Compensation Law 14–229, Section 72.81 (1982).

*Id.* at 259.

As a threshold matter, we are not entirely sure how the doctrine would be applied in the context of employees of nonappropriated fund instrumentalities, who are specifically designated *not* to be employees of the United States for purposes of workmen's compensation under FECA. In any event, we note that the Sixth Circuit is alone in applying the doctrine in the context of federal workmen's compensation, and its position has been persuasively criticized. *See Vilanova v. United States,* 851 F.2d 1, 7 n. 24 (1st Cir.1988); *Schmid v. U.S.,* 826 F.2d 227, 229–30 (3d Cir.1987); *Balancio,* 267 F.2d at 138. We adopt those criticisms in declining to apply the doctrine to the facts of this case. Whatever the merits of the doctrine as a matter of workmen's compensation law generally, its application in this case would effectively circumvent the comprehensive scheme of federal workmen's compensation established by Congress *via* statutes such as the LHWCA and the FECA. In the absence of any indication that Congress established the FTCA with a view towards allowing such a result, we decline to apply the doctrine to permit Wilder's FTCA claim.

## C. *Disposition*

The district court, in granting summary judgment and dismissing Wilder's complaint with prejudice, decided on the merits that Wilder could not pursue an FTCA claim because her exclusive remedy was under the LHWCA *via* the NFIA. This was error. As we stated earlier in this opinion, the threshold determination to be made in deciding whether Wilder can maintain her FTCA claim is whether a substantial question of coverage exists under the LHWCA. If that question is answered affirmatively, the employee must *first* seek and be denied relief under the LHWCA. Whether Wilder can ultimately seek relief of any nature under the FTCA is a question which need not be decided; the effect of dismissing her complaint with prejudice

was to do just that. The correct approach is to dismiss her complaint without prejudice to her right to file another upon an allegation that she has been denied benefits under the LHWCA.

For the reasons given in this opinion, the judgment of the district court is VACATED, and the action is REMANDED to the district court with instructions to dismiss Wilder's complaint without prejudice.