**Robert E. VOTTELER, Jr.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 888, Docket 89–6187.**

United States Court of Appeals,
Second Circuit.

Argued March 1, 1990.
Decided May 17, 1990.

**129**

---

performance of his duty," 5 U.S.C. § 8102, subsequent aggravation of the injury caused by medical malpractice is compensable under FECA, *Balancio v. United States*, 267 F.2d 135 (2d Cir.), *cert. denied*, 361 U.S. 875, 80 S.Ct. 139, 4 L.Ed.2d 114 (1959); *Scalia v. United States*, 475 F.Supp. 1040 (S.D.N.Y.1979), and that FECA is the exclusive remedy for work-related injuries sustained by federal employees, 5 U.S.C. § 8116(c); *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983); *Balancio v. United States; Scalia v. United States.*

Votteler seeks to avoid the force of these authorities on the ground that the original source of his injury—the car accident—is not work-related. Notwithstanding that circumstance, it is undisputed that Votteler aggravated his original injuries in the course of his employment, after he returned to work. Compensation schemes have been generously interpreted to make them available for any work-related injuries, including those that result from the aggravation of preexisting conditions. *See Potenza v. United Terminals, Inc.*, 524 F.2d 1136 (2d Cir.1975) (per curiam) (construing Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901–950 (1982 & Supp. V 1988)). FECA is available not only for the work-related injury that aggravated the original non-work-related injury but also, under *Balancio*, for any malpractice claims arising out of the treatment of such aggravated work-related injuries. The availability of FECA renders it the exclusive remedy, notwithstanding that the work-related injuries were an aggravation of injuries originally sustained in a non-work-related accident. Sometimes the broad coverage of a compensation scheme confers a "benefit" that a plaintiff would rather forgo in preference to traditional tort remedies, but the breadth of coverage, with its consequent exclusivity, must be upheld, even when it might not be advantageous to the employee.

■ Votteler also contends that his malpractice claim escapes the coverage of FECA because the Librium was prescribed as treatment for his alcoholism and not to relieve the pain of his work-related injuries, or that at least disputed issues of fact exist on this score that preclude summary judgment. Again, the normally beneficial breadth of FECA coverage becomes in this instance an obstacle. As Judge Sand pointed out in *Scalia*, a physician's treatment is within the scope of FECA compensable injuries if the physician believed he was treating the employee for work-related injuries. That may provide coverage for some treatment that is in fact not work-related, but it is preferable to the alternative of creating an incentive for PHS personnel to withhold treatment unless the work-related nature of the injury is indisputable. Votteler's hospital records reveal that he reported pain in his neck in the course of performing his employment duties as a porter after returning to work and that Librium was prescribed for such pain. Even if, as he contends, some part of the motivation for prescribing the medication may have been a misguided attempt to deal with his alcoholism, the treatment was sufficiently associated with work-related pain to precipitate the coverage of FECA.

■ Finally, Votteler urges us to permit the Tort Claims Act suit to proceed under the "dual capacity" doctrine, recognized by the Sixth Circuit, *Wright v. United States*, 717 F.2d 254, 259–60 (6th Cir.1983), whereby an employer becomes liable to a tort suit, notwithstanding a compensation scheme, if he " 'possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person.' " *Id.* at 259 (quoting 2A Larson, *Workmen's Compensation Law* § 72.81, at 14–229 (1982)). Three other circuits have criticized this approach, finding it incompatible with the comprehensive coverage of workers' compensation. *See Wilder v. United States*, 873 F.2d 285, 289 (11th Cir.1989) (per curiam) (LHWCA); *Vilanova v. United States*, 851 F.2d 1, 7 n. 24 (1st Cir.1988) (same), *cert. denied*, — U.S. —, 109 S.Ct. 811, 102 L.Ed.2d 801 (1989); *Schmid v. United States*, 826 F.2d 227 (3d Cir.1987) (FECA). The "dual capacity" doctrine is

inconsistent with the rationale of our decision in *Balancio,* and we reject it.

The judgment of the District Court is affirmed.