**Julie TRAYWICK, Plaintiff–Appellant,**

v.

**Veikko JUHOLA, et al., Defendants,**

**United States of America, Defendant–Appellee.**

No. 90–7512
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Jan. 30, 1991.

Charles N. Reese, Reese & Reese, Daleville, Ala., for plaintiff-appellant.

David L. Allred, Asst. U.S. Atty., Montgomery, Ala., for defendant-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and HILL, Senior Circuit Judge.

PER CURIAM:

Julie Traywick appeals from the district court's grant of summary judgment and dismissal of her suit alleging that the negligence of her supervisor, Veikko Juhola, caused certain eye injuries. Finding that the exclusivity provision of the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C.A. § 933(i) (West 1986), bars Traywick's action, we affirm.

---

1. NAFI activities are funded through earnings

## I. FACTUAL AND PROCEDURAL HISTORY

In June, 1987, appellant worked at the Fort Rucker, Alabama, Golf Course. The golf course is a nonappropriated fund instrumentality ("NAFI").[1] Following the directions of her supervisor, Veikko Juhola, a civilian employee of the Department of the Army, appellant drove a tractor designed to pick up golf balls hit by people using the driving range. While operating the tractor, a golf ball struck her in the eye. On July 21, 1988, appellant filed an action in the Circuit Court for Dale County, Alabama, against Juhola and fictitious defendants on several tort grounds. The United States subsequently removed the action to federal court and substituted itself as the sole defendant pursuant to 28 U.S.C.A. § 2679(d) (West Supp.1990). Traywick appeals from the district court's May, 1990, order granting the United States' motion to dismiss or, in the alternative, for summary judgment.

## II. DISCUSSION

Appellant correctly observes that injuries to NAFI employees are covered under the LHWCA. *Wilder v. United States*, 873 F.2d 285, 287 (11th Cir.1989); 5 U.S.C.A. § 8171 (West 1980). Whether the LHWCA permits appellant to maintain her suit is a question of law subject to *de novo* review on appeal. *See Lipscomb v. United States*, 906 F.2d 545, 548 (11th Cir.1990).

The LHWCA contains the following exclusivity provision:

The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured ... by the negligence or wrong of any other person or *persons in the same employ: Provided,* That this provision shall not affect the liability of a person other than an officer or employee of the employer.

33 U.S.C.A. § 933(i) (West 1986) (emphasis added). Whether appellant has a right to sue for compensation or benefits aside from those under LHWCA thus depends on whether appellant and Juhola were "per-

rather than congressional appropriation.

sons in the same employ." Appellant contends that they were not in the same employ because NAFI employees are not federal employees. We disagree. The Ninth Circuit has addressed this issue in *Calder v. Crall,* 726 F.2d 598 (9th Cir.1984), *cert. denied,* 469 U.S. 857, 105 S.Ct. 185, 83 L.Ed.2d 118 (1984), and we find that circuit's insightful analysis of the issue dispositive. Traywick and Juhola were federal employees under the jurisdiction of the Department of the Army at Fort Rucker, Alabama. They worked for the same employer and were therefore in the same employ for purposes of 33 U.S.C.A. § 933(i).

The liability of the United States for tortious acts of federal employees is limited to "the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C.A. § 2674 (West 1965). Because the LHWCA relieves Juhola of liability, the United States is also relieved of liability.

We thus AFFIRM the judgment of the district court.

AFFIRMED.