**Jeri C. WREATH, Plaintiff,**

v.

**UNITED STATES of America; Department of the Army; and Togo D. West, Jr., Secretary of the Army, Defendants.**

No. 94–4160–SAC.

United States District Court,
D. Kansas.

Aug. 18, 1995.

Alan V. Johnson, R. Scott Seifert, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for plaintiff.

D. Brad Bailey, Office of United States Attorney, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

On August 26, 1994, Jeri C. Wreath commenced this action against the defendants asserting claims under Title VII of the Civil Rights Act of 1964, the Federal Tort Claims Act (FTCA) and the Fair Labor Standards Act (FLSA). According to her complaint, Wreath was hired at Fort Riley, Kansas, "as a contract swim instructor on December 30, 1991." On September 2, 1992, Wreath was hired as a permanent employee, classified as a non-appropriated funds employee with the DPCA, INWRF–SPORTS POOLS Department[1] and placed on a one year probationary period.

In her Title VII claim (Count I), Wreath alleges that she was sexually harassed by her immediate supervisor, Robert E. Luke, during the entire period she worked at Fort Riley. Wreath alleges, *inter alia*, that Luke requested sexual intercourse, asked Wreath "if she would be willing to instruct his wife how to perform oral sex," and forced her "through threats of termination to videotape Robert E. Luke and his wife engaging in sexual intercourse." Wreath also alleges that Luke forced her to teach "swim classes in known unsafe conditions, such as unsafe chemical levels, unsafe weather conditions and lack of adequate lifeguards." In her FTCA, tort of outrage claim (Count II), Wreath seeks damages for the intentional and reckless acts of Luke that occurred within the scope of his employment as her immediate supervisor. In her FLSA claim (Count III), Wreath alleges that she was constantly required to work overtime without pay. Wreath seeks compensatory and punitive damages from the defendant; Wreath also seeks liquidated damages under the FLSA.

According to her complaint, Wreath has "exhausted all required administrative remedies, and has timely filed this action with this Court for relief." On February 4, 1994, Wreath filed a claim under the FTCA. On August 12, 1994, the Department of the Army, U.S. Army Claims Service formally denied her claim for $375,000.[2]

This case comes before the court upon the United States' motion to dismiss (Dk. 27). The United States seeks dismissal of Wreath's FTCA and FLSA claims, as well as her claim for punitive damages. The United States contends that Title VII is Wreath's exclusive judicial remedy for her claims of employment discrimination; the government contends that Wreath's FLSA claim, as well as her tort of outrage claim, are therefore precluded by her Title VII claim.[3] The Unit-

---

1. The Federal Employee's Compensation Act (FECA) is found at 5 U.S.C. §§ 8101–8193. The facility at which Wreath worked is apparently a nonappropriated fund instrumentality (NAFI). "The Nonappropriated Fund Instrumentalities Act is codified as Subchapter II of FECA." *Wilder v. United States*, 873 F.2d 285, 287 n. 4 (11th Cir.1989); *see* Nonappropriated Fund Instrumentalities Act, 5 U.S.C. §§ 8171–8173. "NAFI activities are funded through earnings rather than congressional appropriation." *Traywick v. Juhola*, 922 F.2d 786, 787 (11th Cir.1991).

2. The United States' brief indicates that Wreath's FTCA claim was denied by the United States Army Claims Service "because the FTCA does not apply to employees of nonappropriated fund instrumentalities."

3. In support of this argument, the government cites *Swafford v. United States*, 998 F.2d 837 (10th Cir.1993), suggesting that in that case the Tenth Circuit held that Title VII is the exclusive remedy for a federal employee's claims of discrimination and that damages for emotional distress are not recoverable under the FTCA as a separate claim. This does not appear to be an

ed States also argues that Wreath cannot recover under the FTCA as her exclusive remedy for any injury she sustained is under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 901 *et seq.* The United States also contends that it is not liable for punitive damages under Title VII.

Wreath concedes that her claim for punitive damages must be dismissed. Wreath opposes the balance of the United States' motion to dismiss. Wreath contends that the LHWCA is not her exclusive remedy as her coverage has not yet been determined and that she is therefore entitled to pursue her claim under the FTCA until her coverage is determined. Wreath also contends that her FLSA and tort claims are not barred by her Title VII claims.

Based in part upon the defendant's contention that the issues raised by its motion to dismiss and the plaintiff's response "are complicated and will require detailed research," the court granted the defendant an extension of time to file a reply brief. Despite the extension of time, no reply was filed.

## Is the LHWCA the exclusive remedy for Wreath's personal injuries claims?

Wreath worked for the Army's Directorate of Personnel and Community Activities (DPCA) Outdoor Sports Center, Pools Branch, Fort Riley, Kansas, which is a non-appropriated funds position. The United States argues that the LHWCA is Wreath's exclusive remedy for her FTCA claims. In *Johnson v. United States,* 600 F.2d 1218 (6th Cir.1979), the court explained NAFI and the exclusivity of the worker's compensation scheme devised for NAFI employees:

> Ordinarily, an employee of the United States is entitled to compensation for work related death or disability under the Federal Employees Compensation Act [FECA], 5 U.S.C. §§ 8101 *et seq*....
>
> However, employees of nonappropriated fund instrumentalities of the United States are excluded from coverage under the Federal Employees Compensation Act as well as from certain laws administered within the Civil Service System. 5 U.S.C. § 2105(c). Instead, employees of nonappropriated fund instrumentalities are entitled, under 5 U.S.C. § 8171, to compensation for work related death or disability under the terms of the Longshoremen's Act ... Moreover, 5 U.S.C. § 8173 provides that coverage under the Longshoreman's Act is exclusive and in lieu of all other remedies against the United States for covered injuries.

*Johnson v. United States,* 600 F.2d 1218, 1220–1221 (6th Cir.1979) (footnote omitted).

Wreath apparently concedes that her tort claims under the FTCA would be barred if it is determined that she is covered by the LHWCA. Wreath has apparently filed for LHWCA benefits. However, because it has not yet been determined whether she is covered by the LHWCA, Wreath contends that she is entitled to pursue her FTCA claims.

The case law suggests three possible alternatives which this court may take at this juncture: (1) allow Wreath to proceed until a final decision awarding benefits is rendered; (2) dismiss Wreath's tort of outrage claim without prejudice; or (3) stay this claim pending the final decision on Wreath's LHWCA claims.

In support of her contention that she should be allowed to simply press on pending a final decision, Wreath cites *Vilanova v.*

entirely correct reading of *Swafford.* The district court in *Swafford* apparently ruled that Title VII was the plaintiff's exclusive remedy for her claims of sex discrimination, including sexual harassment, *see* 998 F.2d at 838–839, and therefore granted the United States' motion for summary judgment on the plaintiffs' claims of mental and psychological injuries, lost wages, medical expenses, and loss of consortium. On appeal, however, the Tenth Circuit specifically declined to decide that issue:

> Because we find that the Swaffords' suit is barred by FECA, it is not necessary for us to

specifically review the district court's holding that Title VII is the exclusive remedy for sex discrimination, including sexual harassment. 998 F.2d at 841–842.

In light of this court's decision to stay Wreath's FTCA claim pending disposition of her Longshore and Harbor Workers' Compensation Act (LHWCA) claim, coupled with the fact that the parties have not endeavored to discuss the Tenth Circuit's analysis of this issue, the court expresses no opinion on the merits of this argument advanced by the government.

*United States,* 851 F.2d 1 (1st Cir.1988), *cert. denied,* 488 U.S. 1016, 109 S.Ct. 811, 102 L.Ed.2d 801 (1989). In *Vilanova,* the plaintiff worked at a non-appropriated fund facility. Vilanova claimed that he suffered injuries from the malpractice of physicians at a naval hospital. As an NFIA employee, Vilanova was covered by the LHWCA. The NFIA "provides that LHWCA is the exclusive remedy against both the United States and the nonappropriated fund employer for injuries 'arising out of and in the course of' " the plaintiff's employment. 851 F.2d at 2. In fact, Vilanova had received LHWCA compensation for his injuries. Nevertheless, the First Circuit held that the mere fact that Vilanova had applied for and received LHWCA benefits did not bar his FTCA claim. 851 F.2d at 4–5. Vilanova's FTCA claim was barred however, as he reached a settlement which found that his injuries were compensable under the LHWCA. 851 F.2d at 5.

The second alternative is indirectly suggested by the government. In its brief, the government cites *Wilder v. United States,* 688 F.Supp. 1541 (M.D.Ga.1988), [*vacated,* 873 F.2d 285 (11th Cir.1989),] in support of its contention that Wreath, as an employee of a nonappropriated fund instrumentality, cannot recover damages from the government for personal injuries under the FTCA. In *Wilder,* the district court held that the plaintiff's exclusive remedy for her work-related injuries was the LHWCA. Consequently, the district court dismissed Wilder's complaint with prejudice. On appeal, the district court's decision was vacated. The Eleventh Circuit held that the district court erred in finally determining that Wilders' work-related injury was compensable under the LHWCA. Instead, that decision was one to be made by the Secretary of Labor. "Until Wilder has made an application for benefits and had it denied, she cannot pursue her remedy under the FTCA." 873 F.2d at 288. "The correct approach is to dismiss [Wilder's] complaint without prejudice to her right to file another upon an allegation that she has been denied benefits under the LHWCA." 873 F.2d at 289.

A third alternative, and the one this court deems most appropriate, is to stay this claim pending a final decision on Wreath's LHWCA claim. In *Hudiburgh v. United States,* 626 F.2d 813 (10th Cir.1980), the Tenth Circuit held that where a complaint raises a substantial question[4] as to FECA coverage, it is appropriate to stay the plaintiff's FTCA claim pending disposition of the FECA claim.

> We are of the opinion that pending the pursuit of the Federal Employees Compensation Act claim, the Tort Claims Act case should stand abated ... We do this because we believe that this FECA right should be pursued before the FTCA claim.
>
> The procedure which we in effect prescribe is set forth by the Fifth Circuit in *Concordia v. United States Postal Service,* 581 F.2d 439 (5th Cir.1978).
>
> Accordingly, the cause is remanded to the district court with directions to reinstate the Tort Claims Act and order it held in abatement pending the pursuit of the claim under the FECA.

626 F.2d at 814. See *Tarver v. U.S.,* 25 F.3d 900, 902 (10th Cir.1994) ("If a plaintiff brings an action in federal court, but a question exists as to whether FECA might cover the claim, the court must stay its proceedings pending the final decision of the Secretary of Labor regarding FECA coverage."). Although *Hudiburgh* and *Tarver* each concerned claims under the FECA rather than a claim under the LHWCA, it appears appropriate to follow this same procedure in the case at bar. *Cf. Wilder,* 873 F.2d at 287–288 ("We hold today that the same test should be applied to determine whether the liability of the United States under the LHWCA *via* the Nonappropriated Fund Instrumentalities Act, 5 U.S.C.A. §§ 8171–8173, excludes the availability of other remedies, including the recovery sought by Wilder under the FTCA.").

**4.** "A substantial question 'is generally present where the Secretary has undertaken an 'action' to award or deny FECA benefits.' " *McCall v. United States,* 901 F.2d 548, 552 (6th Cir.) (quoting *Wright v. United States,* 717 F.2d 254, 257 (6th Cir.1983) (citing *Gill v. United States,* 641 F.2d 195 (5th Cir.1981))), *cert. denied,* 498 U.S. 1012, 111 S.Ct. 580, 112 L.Ed.2d 585 (1990).

Consequently, the court orders the plaintiff's FTCA claim to be held in abatement pending disposition of her LHWCA claim. In reaching this decision, the court recognizes that it has chosen an option neither suggested or requested by the parties. Nevertheless, the court believes it appropriate to follow the path most closely following Tenth Circuit precedent. The court will, of course, consider a timely motion to reconsider from either or both parties which suggests a superior alternative in light of Tenth Circuit precedent.

**Does Title VII preempt Wreath's FLSA claim?**

Assuming, *arguendo*, that Wreath may assert an FLSA claim, *see* 5 U.S.C. § 2105(c)(1)(C), the government has provided no direct authority supporting its contention that Title VII precludes Wreath from asserting an FLSA claim. Title VII and the FLSA serve different purposes and do not share identical elements. *Cf. Miranda v. B & B Cash Grocery Store, Inc.* 975 F.2d 1518, 1526–1527 (11th Cir.1992) ("Title VII and the Equal Pay Act exist side by side in the effort to rid workforce of gender-based discrimination. Plaintiffs have two tools for relief, each of which provides different burdens of proof and may produce different amounts of compensation."). Based upon the arguments presented, the court denies the government's motion to dismiss Wreath's FLSA claim.

IT IS THEREFORE ORDERED that the United States' motion to dismiss (Dk. 27) is denied in part and granted in part. Wreath's claims for punitive damages are dismissed. The United State's request to dismiss Wreath's FTCA, intentional infliction of emotional distress, claim is denied. The United States' request to dismiss Wreath's FLSA claims is denied. Wreath's FTCA claim is held in abeyance pending disposition of her LHWCA claim.